[No. B058832. Second Dist., Div. One. Aug. 8, 1991.]

VILLA PACIFIC BUILDING COMPANY et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
PHILLIP HIMELSTEIN et al., Real Parties in Interest.

**COUNSEL**

Lebovits & David and Joseph J. M. Lange for Petitioners.

No appearance for Respondent.

Armato, Gaims, Weil, West & Epstein, Alan Jay Weil, Amy L. Rice, Munger, Tolles & Olson, Dennis E. Kinnaird, Bradley S. Phillips, Marc A. Becker, Cox, Castle & Nicholson and Lawrence Teplin for Real Parties in Interest.

**OPINION**

**VOGEL, J.**—Section 1714.10 of the Civil Code[1] requires an order of court as a condition precedent to suit against an attorney alleging a civil conspiracy with the attorney's client. We hold that this requirement is not jurisdictional and that, absent timely objection to a complaint filed without permission of court, the protection conferred by section 1714.10 is waived.

### FACTS

In 1977, plaintiffs Villa Pacific Building Company and Ronald Waranch (collectively Villa Pacific) retained defendants Phillip Himelstein and his law firm, Cox, Castle & Nicholson, to handle a variety of real estate

---

[1]Unless otherwise stated, all section references are to the Civil Code.

transactions involving Villa Pacific's efforts to acquire and develop mobilehome parks throughout California. Sometime thereafter, Himelstein, Jeff Kaplan (a Villa Pacific vice-president who used to be with Cox, Castle), and Thomas Tatum (another client of Himelstein's) allegedly misappropriated several of Villa Pacific's mobilehome projects.

As a result, Villa Pacific sued Himelstein and Cox, Castle (but not Tatum) for damages and alleged, among other things, that Himelstein conspired with Kaplan and Tatum to interfere with Villa Pacific's real estate acquisitions. Villa Pacific did not apply for a court order authorizing a conspiracy action against the lawyers.

Himelstein and Cox, Castle answered the complaint, denying the allegations of wrongdoing and raising several affirmative defenses (but not § 1714.10). About a year later, however, the lawyers moved to dismiss the complaint, asserting that Villa Pacific's failure to comply with section 1714.10 barred the action. Although the procedure was a bit convoluted, the trial court in effect conditionally granted the motion, ordering Villa Pacific to comply with section 1714.10 within 45 days or suffer dismissal of its action.

Villa Pacific responded with a petition for writ of mandate, asserting that section 1714.10 does not apply to this action but that, in any event, the lawyers waived their right to raise the issue by failing earlier to object. We notified the parties that we were considering the issuance of a peremptory writ (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180 [203 Cal.Rptr. 626, 681 P.2d 893]) and our review of Himelstein's opposition has not changed our minds. For the reasons we explain below, we now issue the writ as prayed.

## DISCUSSION

Section 1714.10 provides, as relevant, that "[n]o cause of action against an attorney based upon a civil conspiracy with his or her client shall be included in a complaint . . . unless the court enters an order allowing the pleading . . . to be filed after the court determines that the party seeking to file the pleading has established that there is a reasonable probability that the party will prevail in the action. The court may allow the filing of a pleading claiming liability based upon a civil conspiracy following the filing of a verified petition therefor accompanied by the proposed pleading and supporting affidavits stating the facts upon which the liability is based. The court shall order service of the petition upon the party against whom the action is proposed to be filed and permit that party to submit opposing affidavits prior to making its determination . . . ."

The lawyers assert that section 1714.10 applies to this action because Villa Pacific has alleged that Himelstein conspired with Kaplan and Tatum, both of whom were Himelstein's clients.[2] We do not reach this issue but instead decide the case on Villa Pacific's theory that the lawyers waited too long to raise the issue and have waived any objection they might have had.[3]

■ We cannot think of any reason why section 1714.10 should be treated as jurisdictional. There is certainly nothing about the language of section 1714.10 to suggest that its benefit cannot be waived. That being so, we turn to section 3513, which teaches that "[a]nyone may waive the advantage of a law intended solely for his benefit. But a law established for a public reason cannot be contravened by a private agreement." In our view, section 1714.10 was intended solely for the benefit of attorneys.

Conspiracy actions against lawyers have not been restricted for a "public reason." In *Gruenberg* v. *Aetna Ins. Co.*, *supra*, 9 Cal.3d at page 576, the Supreme Court affirmed an order dismissing an insurance company's attorneys from an action alleging breach of the implied covenant of good faith and fair dealing, holding that the attorneys, who were not parties to the contract, could not be held accountable for a breach on a theory of conspiracy. *Gruenberg* did "not consider the possibility that [the attorneys] may have committed another tort in their respective capacities as total strangers to the contracts of insurance." (*Ibid.*)

In *Wolfrich Corp.* v. *United Services Automobile Assn.*, *supra*, 149 Cal.App.3d at pages 1210-1211, the Court of Appeal read *Gruenberg* narrowly, limiting its immunity to an action based upon a contract to which the

---

[2]It is undisputed that Himelstein and Cox, Castle represented both Kaplan and Tatum, and that Villa Pacific is a former client.

[3]We assume without deciding that section 1714.10 applies to all cases alleging a conspiracy by a lawyer with a client and not just to the insurance industry or to actions naming an attorney who continues to represent the client named as a defendant. Section 1714.10 was specifically enacted to "modify the decision of the Court of Appeal in *Wolfrich Corp.* v. *United Services Automobile Assn.*, 149 Cal.App.3d 1206 [197 Cal.Rptr. 446] (1st Dist. 1983)." (Stats. 1988, ch. 1052, § 2.) In *Wolfrich*, an insured sued USAA, *and the attorneys then representing USAA*, for conspiracy to violate section 790.03 of the Insurance Code. The Court of Appeal held that although the attorneys were not in the "business of insurance" and thus could not be sued for a violation of the Insurance Code, they could nevertheless be sued for conspiring with their client to do so. (*Wolfrich* was expressly disapproved in *Doctors' Co.* v. *Superior Court* (1989) 49 Cal.3d 39, 48-49 [260 Cal.Rptr. 183, 775 P.2d 508] [holding, in an action against an insurance company and its attorneys, that attorneys and other agents cannot be sued "for conspiracy to cause their principal to violate a duty that is binding on the principal alone"].) See also *Gruenberg* v. *Aetna Ins. Co.* (1973) 9 Cal.3d 566, 576 [108 Cal.Rptr. 480, 510 P.2d 1032] (another insurance case) and compare *Wise* v. *Southern Pacific Co.* (1963) 223 Cal.App.2d 50, 72 [35 Cal.Rptr. 652] (a wrongful termination case).

attorney was not a party and concluded, with some reservations, that lawyers could be sued for conspiring with their clients to commit a tort. The reservation expressed by the *Wolfrich* court was a concern that attorneys "must be free to fully advise and represent their clients without fear of subjecting themselves to liability as a result of the proper discharge of their professional obligations." (*Wolfrich Corp.* v. *United Services Automobile Assn.*, *supra*, 149 Cal.App.3d at p. 1211.)[4]

Accordingly, we conclude that the benefit of section 1714.10 can be waived in the same manner as a statute of limitations. Just as a statute of limitations is procedural, affecting only the remedy and not a substantive right (*Chase Securities Corp.* v. *Donaldson* (1945) 325 U.S. 304, 314 [89 L.Ed 1628, 1635-1636, 65 S.Ct. 1137]; *Mitchell* v. *Auto. etc. Underwriters* (1941) 19 Cal.2d 1, 4 [118 P.2d 815, 137 A.L.R. 923]), so too is section 1714.10, which simply imposes a specified procedure to be followed before a substantive claim can be pursued. It follows that just as a limitations defense is waived by the failure to plead it at "the earliest opportunity" (*California Safe Deposit etc. Co.* v. *Sierra etc. Co.* (1910) 158 Cal. 690, 698 [112 P. 274]), so too is a failure to comply with section 1714.10 waived by a failure to raise it at the earliest opportunity.

We therefore hold that when a plaintiff fails to obtain court approval before filing suit against an attorney on a conspiracy theory involving a client, the benefit conferred by section 1714.10 is waived unless the attorney objects at the first available opportunity—at the time of the attorney's first appearance, whether by demurrer or motion to strike or such other motion or application as may be appropriate.

It follows necessarily that by answering and litigating this case for a year before moving to dismiss on the basis of section 1714.10, Himelstein and Cox, Castle waived any rights they might have had under the statute. The order conditionally dismissing the action was therefore erroneous.

## DISPOSITION

Let a peremptory writ issue directing the trial court (1) to vacate the order dismissing Villa Pacific's complaint; (2) to issue a new order clarifying (a)

---

[4]*Wolfrich* goes on to say that an impairment to the attorney-client relationship would have a "deleterious effect on the administration of justice." (149 Cal.App.3d at p. 1211.) We do not think this is sufficient to qualify as a "public reason" within the meaning of section 3513. Uninhibited confidential communications between lawyer and client, although obviously important, can be waived (Evid. Code, §§ 953, 954, 955). Conversely, the public benefit provision of section 3513 prohibiting waiver protects against overreaching mortgagors (§ 2953), stingy employers (Unemp. Ins. Code, § 1342) and greedy landlords (§§ 1953, 1942.1, 1945.5).

that the motion to dismiss is denied, and (b) that the complaint, and the answer thereto previously filed, are reinstated.

Devich, Acting P. J., and Ortega, J., concurred.

The petition of real parties in interest for review by the Supreme Court was denied October 24, 1991.