[No. B056778. Second Dist., Div. Two. Jan. 9, 1992.]

ROGER H. HOWARD et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
JEREMY E. SIMMS, Real Party in Interest.

746

## COUNSEL

Nemecek & Cole, Jonathan B. Cole, Terri E. Hilliard and Michelle R. Ferber for Petitioners.

Horvitz & Levy, Lisa Perrochet and Peter Abrahams as Amici Curiae on behalf of Petitioners.

No appearance for Respondent.

Charles S. Battles, Jr., and Gibson, Dunn & Crutcher for Real Party in Interest.

## OPINION

NOTT, J.—Petitioners seek a writ of mandate directing respondent to set aside an order overruling their demurrer to the aiding and abetting count contained within the operative complaint of real party in interest, Jeremy E. Simms.

Simms filed a multicount complaint against Alan E. Robbins, Marina East Holding Partnership (MEHP), and petitioners. The complaint alleged that Robbins and MEHP acquired real property located in Marina del Rey by engaging in a pattern of ongoing wrongful business conduct. This conduct purportedly included drawing up transactional documents which falsely recited that Simms was a partner with Robbins in MEHP; representing to the sellers of the real property that Simms was a general partner in MEHP; submitting a copy of Simms's financial statement to the sellers; and falsely representing that his financial resources stood behind the acquisition activities of Robbins and MEHP. Petitioners are attorneys who represented Robbins and MEHP with respect to the acquisition of the property. They allegedly "aided and abetted" their clients by serving as a vehicle for the communication of these same falsehoods.

Petitioners demurred on the ground that an aiding and abetting count cannot be pled as a civil action, and that the count was, in any event, barred by Civil Code section 1714.10.[1] When the superior court overruled the demurrer, this petition for writ of mandate followed.

Former section 1714.10 provided, in pertinent part, as follows: "No cause of action against an attorney based upon a civil conspiracy with his or her client shall be included in a complaint or other pleading unless the court enters an order allowing the pleading that includes a claim for civil conspiracy to be filed after the court determines that the party seeking to file the

---

[1]All further statutory references are to the Civil Code unless otherwise specified.

pleading has established that there is a reasonable probability that the party will prevail in the action. . . ."[2, 3]

■ To state a cause of action for conspiracy the complaint must allege (1) the formation and operation of the conspiracy, (2) the wrongful act or acts done pursuant thereto, and (3) the resultant damage. (*Unruh* v. *Truck Insurance Exchange* (1972) 7 Cal.3d 616, 631 [102 Cal.Rptr. 815, 498 P.2d 1063].) ■ The major significance of a conspiracy cause of action "lies in the fact that it renders each participant in the wrongful act responsible as a joint tortfeasor for all damages ensuing from the wrong, irrespective of whether or not he was a direct actor and regardless of the degree of his activity. [Citations.]" (*Mox Incorporated* v. *Woods* (1927) 202 Cal. 675, 677-678 [262 P. 302]; accord *Doctors' Co.* v. *Superior Court* (1989) 49 Cal.3d 39, 44 [260 Cal.Rptr. 183, 775 P.2d 508].)

■ The definition of "aiding and abetting" proposed by Simms requires that: the party whom the defendant aids must perform a wrongful act that causes injury; the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; and the defendant must knowingly and substantially assist the principal violation. (*Halberstam* v. *Welch* (D.C. Cir. 1983) 705 F.2d 472, 478 [227 App.D.C. 167].) That is, "[a]iding-abetting focuses on whether a defendant

---

[2]Section 1714.10 now provides as follows: "(a) No cause of action against an attorney *for a civil conspiracy with his or her client arising from any attempt to contest or compromise a claim or dispute, and which is based upon the attorney's representation of the client,* shall be included in a complaint or other pleading unless the court enters an order allowing the pleading that includes *the* claim for civil conspiracy to be filed after the court determines that the party seeking to file the pleading has established that there is a reasonable probability that the party will prevail in the action. The court may allow the filling of a pleading claiming liability based upon such a civil conspiracy following the filing of a verified petition therefor accompanied by the proposed pleading and supporting affidavits stating the facts upon which the liability is based. The court shall order service of the petition upon the party against whom the action is proposed to be filed and permit that party to submit opposing affidavits prior to making its determination. The filing of the petition, proposed pleading, and accompanying affidavits shall toll the running of any applicable statute of limitations until the final determination of the matter, which ruling, if favorable to the petitioning party, shall permit the proposed pleading to be filed. [¶] *(b) Failure to obtain a court order where required by subdivision (a) shall be a defense to any action for civil conspiracy filed in violation thereof. The defense shall be raised by the party charged with civil conspiracy upon that party's first appearance by demurrer, motion to strike, or such other motion or application as may be appropriate. Failure to timely raise the defense shall constitute a waiver thereof.* [¶] *(c) [This] section shall not apply to a cause of action against an attorney for a civil conspiracy with his or her client, where (1) the attorney has an independent legal duty to the plaintiff, or (2) the attorney's acts go beyond the performance of a professional duty to serve the client and involve a conspiracy to violate a legal duty in furtherance of the attorney's financial gain.*" (Italics added.)

[3]Simms contends that petitioners, by failing to raise the issue of the applicability of section 1714.10 at the first available opportunity, waived their right to the benefit conferred by the statute. Because the record does not support the contention, we do not address the issue.

knowingly gave 'substantial assistance' to someone who performed wrongful conduct, not on whether the defendant agreed to join the wrongful conduct." (*Ibid.*)

In the abstract, there may be a distinction between an aiding and abetting cause of action and one for civil conspiracy.[4] However, while aiding and abetting may not require a defendant to agree to join the wrongful conduct, it necessarily requires a defendant to reach a conscious decision to participate in tortious activity for the purpose of assisting another in performing a wrongful act. A plaintiff's object in asserting such a theory is to hold those who aid and abet in the wrongful act responsible as joint tortfeasors for all damages ensuing from the wrong. (See *Black* v. *Sullivan* (1975) 48 Cal.App.3d 557, 566 [122 Cal.Rptr. 119].) Because the conduct of which petitioners are accused falls within the ambit of former section 1714.10, Simms was obligated to comply with that section prior to filing a civil action against petitioners.

Accordingly, let a peremptory writ of mandate issue directing respondent to vacate its order overruling petitioners' demurrer to the 10th count of the complaint, and to enter a new and different order sustaining petitioners' demurrer to the 10th count pending compliance with section 1714.10.

The stay imposed on June 14, 1991, is vacated.

Gates, Acting P. J., and Fukuto, J., concurred.

---

[4]For purposes of this petition, we assume that a civil aiding and abetting cause of action exists in California distinct and separate from a conspiracy cause of action.