[No. B158050. Second Dist., Div. Eight. July 31, 2003.]

NICK A. ALDEN, Plaintiff and Appellant, v.
ROBERT MARC HINDIN et al., Defendants and Respondents.

## Counsel

Nick A. Alden, in pro. per., for Plaintiff and Appellant.

Hindin & Abel and Bruce David Abel for Defendants and Respondents.

## OPINION

**COOPER, P. J.**—Plaintiff Nick A. Alden appeals from an order terminating his action for malicious prosecution and conspiracy, filed against Mary Jo Stirling and her attorneys, Tina S. Schuchman and her law corporation, and Robert Hindin and Bruce Abel and their firm Hindin & Abel, LLP (collectively H&A). The order sustained without leave to amend the attorney defendants' demurrer to plaintiff's complaint, based on failure to comply with the prefiling requirements of Civil Code section 1714.10 (section 1714.10), which apply to certain actions against an attorney for conspiracy with a client.[1] The order also struck plaintiff's amended complaint. We conclude that plaintiff's malicious prosecution cause of action was not subject to section 1714.10, and that his failure to pursue the statute's approval requirements before filing the complaint—assuming the conspiracy claim required he do so—did not authorize dismissal of the malicious prosecution cause of action. We accordingly reverse.

### FACTS

The complaint alleged two causes of action, for malicious prosecution and "conspiracy." The malicious prosecution cause was asserted against all

---

[1] Section 1714.10 provides in relevant part: "(a) No cause of action against an attorney for a civil conspiracy with his or her client arising from any attempt to contest or compromise a claim or dispute, and which is based upon the attorney's representation of the client, shall be included in a complaint or other pleading unless the court enters an order allowing the pleading that includes the claim for civil conspiracy to be filed after the court determines that the party seeking to file the pleading has established that there is a reasonable probability that the party will prevail in the action. The court may allow the filing of a pleading claiming liability based upon such a civil conspiracy following the filing of a verified petition therefor accompanied by the proposed pleading and supporting affidavits stating the facts upon which the liability is based ... The filing of the petition, proposed pleading, and accompanying affidavits shall toll the running of any applicable statute of limitations until the final determination of the matter, which ruling, if favorable to the petitioning party, shall permit the proposed pleading to be filed.

"(b) Failure to obtain a court order where required by subdivision (a) shall be a defense to any action for civil conspiracy filed in violation thereof. The defense shall be raised by the attorney charged with civil conspiracy upon that attorney's first appearance by demurrer, motion to strike, or such other motion or application as may be appropriate. Failure to timely raise the defense shall constitute a waiver thereof.

"(c) This section shall not apply to a cause of action against an attorney for a civil conspiracy with his or her client, where (1) the attorney has an independent legal duty to the plaintiff, or (2) the attorney's acts go beyond the performance of a professional duty to serve the client and involve a conspiracy to violate a legal duty in furtherance of the attorney's financial gain.

"(d) This section establishes a special proceeding of a civil nature. Any order made under subdivision (a), (b), or (c) which determines the rights of a petitioner or an attorney against whom a pleading has been or is proposed to be filed, shall be appealable as a final judgment in a civil action."

defendants. It alleged that in 1992 Stirling, then represented by Schuchman in proceedings for modification of spousal and child support, had testified falsely regarding the extent of an inheritance she had received from her late mother. In 1994, Schuchman formed a law partnership with plaintiff, which assumed Stirling's representation. Stirling's former husband subsequently discovered the extent of her inheritance, and in 1996 the family law court rendered judgment against Stirling, retroactively modifying her support awards, and imposing $150,000 sanctions on her for misleading the court and requiring costly investigation of her concealment.

Shortly thereafter, the complaint alleged, plaintiff dissolved his partnership with Schuchman, and Stirling again retained her. In 1997, plaintiff and his former firm sued Stirling to recover fees she had refused to pay. In retaliation, Stirling sued plaintiff and the firm for malpractice and breach of fiduciary duty, claiming plaintiff was responsible for the adverse determinations in the marital proceeding. Defendants H&A filed this suit for Stirling. The action was terminated favorably to plaintiff, by summary judgment.

Plaintiff alleged that the defendants had instituted and maintained the action against him maliciously and without probable cause, knowing that the sanctions judgment against Stirling had been assessed on account of conduct committed years before she first met plaintiff. As a result of the malicious suit, plaintiff allegedly suffered personal injuries, legal expenses, and loss of professional earnings and earning capacity. He also prayed for punitive damages, alleging in part that the defendants had brought the action for personal financial gain.

Plaintiff's second cause of action, for conspiracy, was titled as naming only Stirling, Schuchman, and her corporation, but its charging allegations referred to all defendants. After incorporating the liability allegations of the malicious prosecution claim, the conspiracy claim alleged that after terminating his partnership with Schuchman, plaintiff had sued her, for causing his arrest by falsely charging him with stealing a car, as well as to recover property she had converted. Schuchman was defended by H&A, to whose offices she had moved. H&A also represented Stirling in plaintiff's suit for fees. Both actions were settled favorably to plaintiff. In retaliation for these cases, plaintiff alleged, the defendants conspired to "maliciously prosecute plaintiff," and filed the malicious action, knowing that plaintiff was innocent of its charges. Plaintiff again sought general, special, and punitive damages.

Plaintiff filed the complaint on November 5, 2001, without first filing a petition for permission to do so under section 1714.10, subdivision (a). On December 10, 2001, H&A filed an answer on behalf of Stirling. On January 31, 2002, the remaining, attorney defendants (Schuchman, her corporation,

and H&A), noticed for hearing on March 6, 2002 a general demurrer to the complaint, based on plaintiff's failure to obtain court approval, pursuant to section 1714.10, before filing it. Defendants argued that this noncompliance required dismissal of the entire complaint, including the malicious prosecution cause of action.

On February 27, 2002, before the hearing on the demurrer, plaintiff filed a first amended complaint. It realleged the malicious prosecution cause of action as originally pled, against all defendants. Plaintiff amended the conspiracy cause of action, however, deleting Stirling from it and averring, "Plaintiff does not allege that Defendant Stirling was a party to the conspiracy with her attorneys. Plaintiff alleges that only the attorneys conspired among themselves to use the [malicious action] to retaliate against Plaintiff for having previously sued Schuchman ...."

In its tentative ruling on the demurrer, to which it adhered following oral argument, the trial court opined that the complaint's first cause of action for malicious prosecution was not subject to section 1714.10. Although the conspiracy claim that followed arguably was surplusage, the court stated, the statute's requirement of prefiling approval did apply to it. Addressing the critical issue the parties had briefed, the court concluded that because section 1714.10, subdivision (a) required court permission to file a pleading containing such a conspiracy claim, the entire complaint and action were subject to dismissal, because filed without such approval. The court further ruled that the dismissal should include Stirling, who was not an attorney, and who had not demurred, but rather had already answered the complaint.

The court therefore sustained defendants' demurrer to the entire complaint, without leave to amend. The court also struck the first amended complaint, on grounds its predecessor had been filed without authorization.

## DISCUSSION

The trial court was correct in its understanding that plaintiff's cause of action for malicious prosecution was not subject to the prefiling approval requisites of section 1714.10. Although directed at both the client, Stirling, and her attorneys, H&A and Schuchman, the malicious prosecution cause did not charge the attorneys with liability for conspiring with their client. Rather, it alleged that the attorneys themselves had acted without probable cause and with malice in bringing suit against plaintiff, knowing as professionals that the case was without merit. In a similar situation, *Westamco Investment Co. v. Lee* (1999) 69 Cal.App.4th 481, 487–488 [81 Cal.Rptr.2d 634], held that a complaint alleging malicious prosecution by an attorney for a client was not within section 1714.10, where the complaint did not allege conspiracy and

sought to hold the attorney "independently liable for [his] failure to investigate and for [his] prosecution of untenable claims." (*Id.* at p. 487; see *id.* at p. 488.)

Defendants argue that because conspiracy is not an independent cause of action (*Applied Equipment Corp. v. Litton Saudi Arabia, Ltd.* (1994) 7 Cal.4th 503, 510–511 [28 Cal.Rptr.2d 475, 869 P.2d 454]), the complaint must be deemed to have stated just one cause of action, for "malicious prosecution with allegations of civil conspiracy ...." That is not, however, what plaintiff alleged. The conspiracy cause of action may have been redundant of the malicious prosecution cause, but the latter was independently and sufficiently stated. Moreover, a malicious prosecution claim such as asserted here might well be said to invoke "an attorney's independent legal duty to the plaintiff" (§ 1714.10, subd. (c)(1)), to refrain from maliciously instituting frivolous suits. (See *Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 878 [254 Cal.Rptr. 336, 765 P.2d 498]; *Norton v. Hines* (1975) 49 Cal.App.3d 917, 922 [123 Cal.Rptr. 237]; Rules Prof. Conduct, rule 3-200; cf. *Pavicich v. Santucci* (2000) 85 Cal.App.4th 382, 397 [102 Cal.Rptr.2d 125].) So viewed, it would be exempt from section 1714.10 even if asserted under the rubric of conspiracy. (§ 1714.10, subd. (c)(1).)

Given the freedom of the malicious prosecution cause of action from section 1714.10's strictures, the next question is whether, assuming arguendo that plaintiff's conspiracy claim was subject to them, the statute authorized and required the trial court to dismiss the entire complaint, including the malicious prosecution cause of action. Defendants argue, and the trial court apparently agreed, that because subdivision (a) of section 1714.10 requires judicial approval before "the *pleading that includes the claim* for civil conspiracy [may] be filed" (italics added), the entire complaint, having been filed without such approval, was subject to demurrer and dismissal.

This construction, however, is not faithful to the terms of the statute. Subdivision (a) of section 1714.10 does require judicial authorization before the pleading containing a civil conspiracy claim against an attorney may be filed, because a cause of action is initiated or filed only within and through a pleading. The procedural restriction on filing is part and parcel of the approval requirement for conspiracy claims. But subdivision (b) of section 1714.10 further provides that failure to obtain the court order required by subdivision (a) "shall be a defense to any *action for civil conspiracy* filed in violation thereof." (Italics added.) ■ Thus, just as the statute is directed at screening attorney-client conspiracy claims, failure to follow it provides a defense to those claims—only. Such failure does not, in terms, create a defense to, or a right to dismiss summarily, causes of action not subject to prefiling evaluation that are included in the same pleading.

A contrary holding would rewrite the statute, creating a defense that it does not provide, and that has no basis in the substantive concerns of the legislation. (See, e.g., *Pavicich v. Santucci, supra,* 85 Cal.App.4th at pp. 390–394.) Under defendants' and the trial court's construction, noncompliance with section 1714.10, subdivision (a) would require dismissal of otherwise exempt causes of action for actual fraud (see *Pavicich*, at pp. 397–398), breach of fiduciary duty (see *id.* at p. 398), or for that matter any other claims against the attorney (see Code Civ. Proc., §§ 427.10, 428.10, subd. (a) [permissive joinder of causes of action]), if a conspiracy cause of action subject to section 1714.10 were asserted along with them. There is no evidence that the drafters of section 1714.10 intended such a gratuitously destructive result, and the language of subdivision (b) clearly shows that they did not.

Although prior case law under section 1714.10 does not specifically address this issue, it reflects the same understanding practically. For example, in *Pierce v. Lyman* (1991) 1 Cal.App.4th 1093 [3 Cal.Rptr.2d 236], several attorney defendants were charged in two causes of action, one for breach of fiduciary duty and one for conspiracy to defraud. They demurred to both claims, but raised noncompliance with section 1714.10 as a defense only to the second. The Court of Appeal reversed a judgment of dismissal, and directed that the demurrers to the fiduciary duty claim be overruled, but that those to the conspiracy claim be reconsidered in light of section 1714.10. (*Pierce, supra,* 1 Cal.App.4th at pp. 1100, 1106, 1110; see also *Howard v. Superior Court* (1992) 2 Cal.App.4th 745, 747, 749 [3 Cal.Rptr.2d 575] [attorney defendants named as aiders-abetters in 10th cause of action and demurred only to it; Court of Appeal ordered that demurrer sustained].)[2]

Section 1714.10 thus did not authorize defendants' demurrer with respect to the malicious prosecution cause of action, and the court should not have dismissed that claim. We briefly address two further contentions by plaintiff, which lack merit.

Plaintiff asserts that his first amended complaint was properly filed under Code of Civil Procedure section 472, without leave of court but before the hearing on the demurrer to the original complaint, and hence the court should

---

[2] Defendants note that in *Hung v. Wang* (1992) 8 Cal.App.4th 908 [11 Cal.Rptr.2d 113], in which the complaint included a cause of action against the clients alone, as well as others against their lawyers, the court found "no abuse of discretion in the trial court's order dismissing the complaint in its entirety rather than striking only the conspiracy allegations." (*Id.* at p. 916.) The rationale for this ruling, however, was reserved to the unpublished portion of the opinion. (*Id.* at pp. 915–916.) Moreover, the dismissal in *Hung* was rendered on a motion to strike, which alleged that the claims against the attorneys had been filed not without seeking approval under section 1714.10, but after the plaintiff had petitioned for such approval and the trial court had denied it. (*Hung,* at pp. 917–918.)

not have proceeded with that demurrer, or have stricken the amended complaint.[3] But the first amended complaint did not qualify for filing under Code of Civil Procedure section 472, because an answer had already been filed, by Stirling. ■ The statute authorizes amendment without leave of court only before an adverse party has filed an answer. (*Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 612–613 [107 Cal.Rptr.2d 489]; *Loser v. E. R. Bacon Co.* (1962) 201 Cal.App.2d 387, 389 [20 Cal.Rptr. 221].) The trial court properly disregarded the amended complaint.

■ Second, contrary to plaintiff's contention, the attorney defendants did not waive their right to demur under section 1714.10, subdivision (b), by failing to file their demurrer at the time Stirling's answer was filed. The statute provides that "The defense shall be raised by the attorney charged with civil conspiracy upon that attorney's first appearance by demurrer .... Failure to timely raise the defense shall constitute a waiver thereof." (*Ibid.*, accord, *Villa Pacific Building Co. v. Superior Court* (1991) 233 Cal.App.3d 8, 12 [284 Cal.Rptr. 227].) Here the attorney defendants raised the defense upon their first appearances as parties, the very juncture the statute provides.

The trial court sustained the demurrer to both of plaintiff's causes of action. We have held it was error to do so with respect to the first, for malicious prosecution. As for the second, however, we share the trial court's perception that it was surplusage. The conspiracy cause did not set forth a conspiracy to commit any recognizable tort, except for malicious prosecution, with which the first cause of action had already charged all defendants. Regardless of whether the second cause of action might have qualified for filing under section 1714.10, subdivision (c) without advance approval, we do not find its dismissal to have been prejudicial error. (Cf. *Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167, 179, fn. 12 [164 Cal.Rptr. 839, 610 P.2d 1330].)

## DISPOSITION

The order is reversed, and the case is remanded for proceedings consistent with this decision. Plaintiff shall recover costs.

Rubin, J., and Boland, J., concurred.

---

[3] Code of Civil Procedure section 472 provides: "Any pleading may be amended once by the party of course, and without costs, at any time before the answer or demurrer is filed, or after demurrer and before the trial of the issue of law thereon, by filing the same as amended and serving a copy on the adverse party, and the time in which the adverse party must respond thereto shall be computed from the date of notice of the amendment."