[No. B190428. Second Dist., Div. Five. Dec. 13, 2007.]

KENNETH BARTON, Plaintiff and Appellant, v.
ZAFAR KHAN et al., Defendants and Respondents.

COUNSEL

McGarrigle, Kenney & Zampiello, Patrick C. McGarrigle, Michael J. Kenney and Philip A. Zampiello for Plaintiff and Appellant.

Caldwell Leslie & Proctor, Robyn C. Crowther, Michael D. Roth; Ben-Zvi & Associates and Henry Ben-Zvi for Defendants and Respondents.

OPINION

**ARMSTRONG, J.—**

### FACTS AND PROCEDURAL SUMMARY

Plaintiff and appellant Kenneth Barton, a shareholder of defendant RPost International Limited (RPost) was, until 2004, also an employee, officer and

director of the company. Defendants Zafar Khan, Terrance Tomkow and Henri Isenberg (together, the Individual Defendants) were, during the relevant time period, officers and directors of RPost.

Barton's original complaint alleged three causes of action: intentional and negligent breach of fiduciary duty against the Individual Defendants, and Labor Code violations against RPost. On August 19, 2005, RPost filed its answer and the Individual Defendants filed a demurrer to the complaint, contending that Barton's causes of action against them were derivative in nature, and therefore were required to be brought by the corporation or by way of a derivative lawsuit pursuant to Corporations Code section 800, subdivision (b). They also argued that, to the extent Barton's claims were direct rather than derivative, they lacked merit by reason of the business judgment rule contained in Corporations Code section 309. Hearing on the demurrer was set for September 19, 2005.

On September 16, 2005, in lieu of filing written opposition to the demurrer, Barton attempted to file a first amended complaint which he believed addressed the deficiencies raised by the demurrer. However, because RPost had filed its answer, the court clerk refused to accept the amended complaint for filing.

The trial court prepared a tentative ruling concluding that Barton's action was derivative in nature. At the September 19 hearing, rather than argue the merits of the demurrer, Barton maintained that the clerk erred in refusing to accept his amended complaint. The trial court disagreed, stating: "Because the defendant filed an answer along with the demurrer, which is what the code permits, we have to go ahead and do the demurrer." Moreover, although the court's proposed ruling was to sustain the demurrer with 10 days leave to amend, the court questioned Barton's ability to rectify the perceived defects of the complaint, and ultimately concluded that Barton's offer of proof would not overcome the complaint's deficiencies. The court therefore sustained the demurrer without leave to amend.

Barton filed a motion for reconsideration, and later, a motion for leave to amend, both of which were denied.

Barton appeals the three rulings denying him leave to amend his complaint.

## DISCUSSION

Code of Civil Procedure[1] section 472 provides: "Any pleading may be amended once by the party of course, and without costs, at any time before the answer or demurrer is filed, or after demurrer and before the trial of the issue of law thereon, by filing the same as amended and serving a copy on the adverse party . . . ." Barton argues that pursuant to this statute, he had an absolute right to file an amended complaint against the Individual Defendants, and that the trial court erred in depriving him of this right.

It is not clear why the trial court concluded that Barton had no right to file an amended complaint. At the hearing, the court stated, "Because the defendant filed an answer along with the demurrer, which is what the code permits, we have to go ahead and do the demurrer." It is not clear to whom the court was referring in using the term "defendant." If the reference was to RPost, then the phrase "which is what the code permits" is confusing;[2] if the reference was to the Individual Defendants, then the court was mistaken.

The Individual Defendants argue on appeal that, whatever the reason for the trial court's ruling that Barton was not entitled to file an amended complaint pursuant to section 472, that ruling was correct based on the holding of *Alden v. Hindin* (2003) 110 Cal.App.4th 1502 [2 Cal.Rptr.3d 845] (hereafter *Alden*). We are not persuaded by this argument.

In *Alden*, the plaintiff, an attorney, filed a complaint against his former law partner (Schuchman), a former client (Stirling) and their attorneys (Hindin & Abel) for malicious prosecution and conspiracy. Stirling answered, while the attorney defendants demurred based on the plaintiff's failure to comply with the prefiling requirements of Civil Code section 1714.10, which apply to certain actions filed against attorneys based on conspiracy with a client. The plaintiff attempted to cure this supposed defect by filing an amended complaint before the hearing on the demurrer, in which he amended the conspiracy cause of action to delete client Stirling. The trial court ruled that section 1714.10 did not apply to the malicious prosecution cause of action, but nevertheless sustained the defendants' demurrer to the entire complaint without leave to amend, dismissed the complaint against all defendants (even though Stirling had filed an answer) and struck the first amended complaint on the grounds that the original complaint had been filed without authorization.

Division Eight of this District Court of Appeal agreed with the trial court that Civil Code section 1714.10 did not apply to the malicious prosecution

---

[1] Unless otherwise specified, further statutory references are to this code.

[2] Section 430.30, subdivision (c) permits the simultaneous filing of an answer and a demurrer, but neither RPost nor the Individual Defendants did so in this case.

cause of action, but concluded that the court erred in dismissing the entire complaint: "Section 1714.10 thus did not authorize defendants' demurrer with respect to the malicious prosecution cause of action, and the court should not have dismissed that claim." (*Alden, supra,* 110 Cal.App.4th at p. 1508.) After ruling in the plaintiff's favor, the court went on to "briefly address two further contentions by plaintiff, which lack merit." (*Ibid.*) This portion of the court's opinion is dicta, and thus is not authority for the Individual Defendants' contention in this case.

Neither are the two cases cited by *Alden* authority for the trial court's conclusion that Barton had no right to file an amended complaint pursuant to section 472. In *Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 612–613 [107 Cal.Rptr.2d 489], after demurrers to the plaintiff's third amended complaint had been sustained with leave to amend, the plaintiff failed to file a fourth amended complaint in the prescribed time. The plaintiff therefore filed a " 'Motion Under CCP § 473 For Order to File Amended Complaint' " (*id.* at p. 608), which motion was denied. There was no contention that the plaintiff was entitled to file an amended complaint as a matter of right, or indeed any ruling with respect to section 472. Thus, the case does not support the Individual Defendants' position that Barton's right to file an amended complaint against the Individual Defendants was cut off by the filing of RPost's answer.

In *Loser v. E. R. Bacon Co.* (1962) 201 Cal.App.2d 387, 389 [20 Cal.Rptr. 221], also relied on by the *Alden* court, the plaintiff sued the manufacturer and distributor of an allegedly·negligently designed machine. Approximately nine months after each of the defendants had answered the complaint, the plaintiff filed an amended complaint without leave of court. One of the defendants moved to strike the amended complaint, which motion was granted. The plaintiff appealed, not because he claimed a right to amend as a matter of course pursuant to section 472, but because he claimed that, in the absence of prejudice to the defendant, a court may not strike a complaint. (201 Cal.App.2d at p. 389.) The Court of Appeal disagreed: "Once the defendant's answer is filed, the plaintiff's right to amend as a matter of course is gone." (*Ibid.*) Thereafter, a party wishing to amend a pleading must follow the procedure set forth in section 473, which vests in the trial court discretion to grant leave to amend. *Loser v. E. R. Bacon,* though undoubtedly correct, is not authority for the trial court's ruling that Barton had no right to file an amended complaint against the demurring defendants pursuant to section 472.

Thus, in this case of first impression, we must determine whether one defendant's filing of an answer divests plaintiff of the right to amend the

complaint with respect to the causes of action brought against other demurring defendants. We conclude that it does not.

Section 472 provides that a plaintiff may amend a pleading as a matter of course "at any time before the answer or demurrer is filed, or after demurrer and before the trial of the issue of law thereon . . . ." The trial court interpreted the statute to mean that once an answer is filed in an action, the phrase "or after demurrer and before the trial of the issue thereon" disappears. Under this reading, however, all a defendant need do to cut off the plaintiff's right to amend as a matter of course, is to file concurrently an answer and a demurrer, as provided by section 430.30, subdivision (c). We cannot concur in this interpretation.

■ Presumably, the purpose of the statute permitting amendments as of right before an answer is filed or a demurrer is ruled upon is to promote judicial efficiency and reduce the costs of litigation. If a defect in a pleading can be cured before the defendant has answered or the court has heard a demurrer, both judicial resources and attorney time will be saved in the process. The *Alden* court's interpretation of section 472, upon which the Individual Defendants rely, leads to unnecessary expenditure of judicial resources and increases the cost of litigation, and is therefore contrary to principles of sound judicial administration. As we read the statute, a plaintiff has a right to amend his or her pleading at any time before a responsive pleading is filed and even after a responsive pleading is filed up to the time of the hearing on the demurrer. Of course, if the only responsive pleading filed in a case is an answer, there will be no hearing on a demurrer.

■ Here, this principle of efficiency was turned on its head. The Individual Defendants did not answer the complaint, but demurred. The hearing on the demurrer was set for September 19, 2005. On September 16, 2005, prior to that hearing, Barton attempted to file an amended complaint against the Individual Defendants. Under our interpretation of section 472, the clerk should have accepted Barton's amended complaint for filing. Had the clerk done so, the hearing on the demurrer would have been taken off calendar, and the Individual Defendants would have had the opportunity to demur to the amended complaint. Instead, three hearings have been held in the trial court, one hearing has been conducted in this court, and many pages of paper and hours of attorney time have been expended for naught.

In short, the trial court erred in refusing to accept the amended complaint for filing or giving Barton leave to amend.

## DISPOSITION

The judgment is reversed, and the matter is remanded to the trial court with instructions to grant Barton leave to file an amended complaint. Barton is to recover the costs of appeal.

Turner, P. J., and Kriegler, J., concurred.