Filed 1/28/25  Finn v. Girardi CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ROBERT P. FINN,<br><br>　　　　Plaintiff and Appellant,<br><br>　　v.<br><br>ERIKA GIRARDI,<br><br>　　　　Defendant and Respondent. | B324878<br><br>(Los Angeles County<br>Super. Ct. No.<br>20STCV47160) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard L. Fruin, Jr., Judge.  Affirmed.

Spertus, Landes & Josephs, James W. Spertus, and Ezra D. Landes; Law Offices of Ronald Richards & Associates and Ronald Richards for Plaintiff and Appellant.

Greenberg Gross, Evan C. Borges, and Heejin H. Hwang for Defendant and Respondent.

Robert P. Finn (Finn) sued Erika Girardi (defendant), claiming she aided and abetted her husband and his law firm's breach of their fiduciary duty to him in connection with cases Finn referred to the husband's firm. The trial court granted defendant's motion for summary judgment, finding the undisputed facts showed she had no actual knowledge of a breach of any fiduciary duty. We consider whether Finn has identified any material factual dispute about defendant's actual knowledge.

## I. BACKGROUND

In December 2020, Finn sued, among others, defendant, defendant's husband Thomas V. Girardi (Girardi), and his law firm Girardi & Keese (G&K).[1] In the operative second amended complaint, Finn—a solo-practitioner lawyer himself—alleged he entered into a number of retainer agreements with individuals who required legal assistance in prosecuting claims arising out of exposure to toxic chemicals; those claims became part of the so-called "TXI Cases." Finn referred all of his TXI clients to G&K. Pursuant to written agreements, Finn and G&K agreed to jointly represent Finn's clients.

The TXI Cases, according to the operative pleading, were ultimately resolved with a cash settlement in the amount of $31 million. When Finn did not receive his share of the settlement from G&K (i.e., $3.94 million), he filed suit.

---

[1] Among the other named defendants was an entity, EJ Global, LLC (EJ Global), which Finn alleged was owned by defendant. Shortly after it granted summary judgment to defendant, the trial court granted EJ Global's motion for judgment on the pleadings.

2

Finn's lawsuit asserts a single cause of action against defendant: aiding and abetting a breach of fiduciary duty. Finn alleges Girardi and G&K owed him a fiduciary duty and breached it by misappropriating funds owed to him from the settlement of the TXI Cases. He avers further that defendant "knew" Girardi and G&K were in breach of their fiduciary duty to him and that she "substantially assisted and encouraged" her husband and his law firm in their misappropriation scheme by, among other things, "not taking any action to stop the tortious conduct" and "by participating in the tortious conduct." Specifically, Finn asserts defendant knew the misappropriated fees funded her "notoriously lavish lifestyle [as] chronicled on *The Real Housewives of Beverly Hills*" and maintained defendant's conduct was a "substantial factor" in causing him harm.

Defendant eventually moved for summary judgment on the operative complaint. Among other things, she argued Finn could not meet his burden of proof on two core elements of the cause of action against her: (1) that she had actual knowledge of the alleged breach of fiduciary duty, or (2) that she provided any substantial assistance to Girardi and G&K in connection with such a breach. In support of her motion, defendant declared under penalty of perjury that she was "never" a lawyer and "never" worked at G&K; she had "no knowledge" of the TXI Cases or the dealings between Finn, Girardi, and G&K regarding those cases; and had "no knowledge of, . . . never communicated with [Finn], [Girardi] or anyone at [G&K] regarding, and never participated in" any of Finn's agreements or transactions with Girardi or G&K relating to the TXI Cases, Finn's requests for payment of fee-sharing or money related to the TXI cases, the receipt by G&K of any funds related to the TXI Cases, or the

3

disbursement of funds relating to the TXI Cases. Defendant's supporting statement of undisputed material facts was based, in principal part, on her declaration.

Finn opposed defendant's motion for summary judgment.[2] He argued defendant's knowledge of the breach of fiduciary duty by her husband and his law firm could be inferred from circumstantial evidence indicating she benefitted from their alleged misconduct. He pointed, for instance, to a letter from the Franchise Tax Board (FTB) regarding EJ Global, which defendant formed in 2008 when she decided to resume her career as an entertainer. The FTB's audit of EJ Global showed the company had operated at a significant net loss since its inception (e.g., between 2008 and 2014, the company earned on average $21,500 per year; during that same period, it lost on average $2.9 million per year.) Finn argued EJ Global was a sham business funded by Girardi and G&K to fund defendant's extravagant lifestyle. Relying on statements and appearances defendant made as a cast member of the *Real Housewives of Beverly Hills* and news stories from the New York Post and Us Weekly, Finn also argued defendant helped "obfuscate" the truth of the alleged breach of fiduciary duty. Finn's separate statement submitted with his opposition, however, did not dispute any of defendant's

---

[2] The record provided by Finn to this court includes only redacted copies of his opposition and separate statement and omits copies of documents lodged conditionally under seal in the trial court. Finn moved to augment the record with copies of the unredacted and omitted documents, but the motion was denied because the accompanying materials lacked Superior Court filing stamps or other indicia of filing.

4

facts regarding her lack of knowledge about the TXI Cases, Finn's dealings with Girardi and G&K regarding those cases, and the payment and disbursement of funds from settlement of those cases.

In reply, defendant argued she was entitled to judgment as a matter of law because, among other things, Finn conceded it was undisputed she had no actual knowledge of the alleged misappropriation scheme. Defendant also again argued Finn had not produced evidence creating a factual dispute concerning whether she was a substantial factor in causing his alleged harm.

The trial court held a hearing on the summary judgment motion in August 2022 and concluded the motion should be granted for two reasons. First, the trial court found the legal foundation of the aiding and abetting claim was faulty. Relying on *Beck v. Wecht* (2002) 28 Cal.4th 289, which holds there exists no fiduciary duty between co-counsel, the court ruled defendant cannot have aided or abetted a fiduciary duty that did not exist (among Finn, Girardi, and G&K). Second, as a factual matter, the court found it was undisputed that defendant had no actual knowledge of a breach of any fiduciary duty. The court found the evidence submitted in support of Finn's opposition (e.g., information regarding EJ Global's finances) was "irrelevant": in the trial court's words, "[defendant's] lavish and extravagant hobby funded by the spouse[']s community property is not evidence of 'actual knowledge' of any breach of fiduciary duty between Girardi, [G&K], and [Finn]. In fact, [Finn] admit[s] that *directly* [in his separate statement]."[3]

---

[3]    The court further remarked that Finn's concessions in his separate statement were "amazing." The court observed that it

5

## II. DISCUSSION

The trial court correctly concluded Finn failed to establish a triable issue of fact on the question of whether defendant had actual knowledge of the alleged breach of fiduciary duty by her husband and his law firm. The evidence and the parties' submissions established as a matter of law that defendant did not possess any knowledge of the TXI Cases, the dealings between Finn, Girardi, and G&K regarding those cases, or the receipt and disbursement of any funds by G&K from the settlement of those cases.

### A. *Summary Judgment and the Standard of Review*

The purpose of summary judgment under Code of Civil Procedure[4] section 437c "is to provide courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute." (*Aguilar v. Atlantic Richfield Co*. (2001) 25 Cal.4th 826, 843.) Summary judgment is appropriate "if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (§ 437c, subd. (c); *Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 618.) The defendant bears the initial burden of showing that the plaintiff

_____

did not believe it had "ever seen an opposing party who admitted things like this and then claim[ ], for some reason, that it's not an admission."

[4]    Undesignated statutory references that follow are to the Code of Civil Procedure.

6

cannot establish one or more elements of each cause of action, or that there is an affirmative defense to it. (§ 437c, subd. (p)(2); *Aguilar*, *supra*, 25 Cal.4th at 850.) If the defendant makes one of the required showings, the burden shifts to the plaintiff to establish a triable issue of material fact. (§ 437c, subd. (p)(2); *Aguilar*, *supra*, at 850.) To defeat summary judgment, the plaintiff must "'set forth the specific facts showing that a triable issue of material fact exists as to that cause of action . . . .' [Citations.]" (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 477.)

"To ensure that the opposing party has notice of the factual issues in dispute and an opportunity to present the evidence needed to defeat the motion, the [summary judgment] statute requires that the parties submit separate statements of undisputed facts. [Citations.] These separate statements also help the court isolate and identify the facts that are in dispute, which facilitates the court's determination whether trial is necessary." (*Weiss v. People ex rel. Department of Transportation* (2020) 9 Cal. 5th 840, 864; see also *Whitehead v. Habig* (2008) 163 Cal.App.4th 896, 902 ["The separate statement is not merely a technical requirement, it is an indispensable part of the summary judgment or adjudication process"].)

We review a grant of summary judgment de novo, "liberally construing the evidence in support of the party opposing summary judgment and resolving doubts concerning the evidence in favor of that party." (*State of California v. Allstate Ins. Co.* (2009) 45 Cal.4th 1008, 1017-1018.)

7

### B. There Is No Dispute Defendant Lacked Actual Knowledge of the Alleged Breach of Fiduciary Duty

"California has adopted the common law rule for subjecting a defendant to liability for aiding and abetting a tort. "'Liability may . . . be imposed on one who aids and abets the commission of an intentional tort if the person (a) knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act or (b) gives substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person." [Citations.]' [Citation.]" (*Casey v. U.S. Bank Nat. Assn.* (2005) 127 Cal.App.4th 1138, 1144; accord, *American Master Lease LLC v. Idanta Partners, Ltd.* (2014) 225 Cal.App.4th 1451, 1477.)

In his operative complaint, Finn did not allege defendant owed him an independent duty; instead, he alleged only aiding and abetting, i.e., that defendant "knew" of Girardi's breach and "substantially assisted and encouraged" him in his misconduct. The elements of this sort of an aiding and abetting claim are: "(1) a third party's breach of fiduciary duties owed to plaintiff; (2) defendant's actual knowledge of that breach of fiduciary duties; (3) substantial assistance or encouragement by defendant to the third party's breach; and (4) defendant's conduct was a substantial factor in causing harm to plaintiff. [Citations.]" (*Nasrawi v. Buck Consultants LLC* (2014) 231 Cal.App.4th 328, 343; accord, *George v. eBay, Inc.* (2021) 71 Cal.App.5th 620, 641.)

The second of these elements, actual knowledge, is "crucial" because even ordinary business transactions can constitute substantial assistance. (*Casey, supra*, 127 Cal.App.4th at 1145; *Howard v. Superior Court* (1992) 2 Cal.App.4th 745, 748-749

8

["[A]iding and abetting . . . necessarily requires a defendant to reach a conscious decision to participate in tortious activity for the purpose of assisting another in performing a wrongful act"].)

Defendant put forward evidence she had no actual knowledge and that evidence was never disputed by Finn such that a trial would be necessary. Indeed, Finn continues to concede the point on appeal. The only counterargument made by Finn is that there is circumstantial evidence that would allow a factfinder to draw an inference that defendant should have been aware of some financial impropriety going on with her husband or his law firm generally. Even if that were true—a point on which we express no opinion—it is not enough. Finn's complaint alleged defendant aided and abetted a particular breach of a fiduciary duty, and the undisputed summary judgment record establishes defendant had no awareness of even the existence of a relationship between Finn, Girardi, and G&K concerning the TXI Cases, much less of a breach of an asserted fiduciary duty involving those matters. (See, e.g., *Conroy v. Regents of University of California* (2009) 45 Cal.4th 1244, 1250 [the pleadings set the boundaries of the issues to be resolved at summary judgment]; *Howard v. Omni Hotels Management Corp.* (2012) 203 Cal.App.4th 403, 421 ["A moving party seeking summary judgment or adjudication is not required to go beyond the allegations of the pleading, with respect to new theories that could have been pled, but for which no motion to amend or supplement the pleading was brought, prior to the hearing on the dispositive motion"].) That means defendant was entitled to judgment as a matter of law.

DISPOSITION

The judgment is affirmed. Defendant is awarded costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, Acting P. J.

We concur:

MOOR, J.

KIM (D.), J.