Filed 6/26/15 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| VAL WEST et al., | B255973 |
|     Plaintiffs and Appellants, | (Los Angeles County<br>Super. Ct. No. BC499863) |
|     v. | |
| ARENT FOX LLP, | ORDER MODIFYING OPINION<br>[NO CHANGE IN JUDGMENT] |
|     Defendant and Respondent. | |

THE COURT:

It is ordered that the opinion filed herein on June 17, 2015, be modified as follows:

1. On page 1, the last sentence is deleted and the following sentence is inserted in its place:

    Arent Fox LLP, Jerrod Abeles and Collin Seals for Defendant and Respondent.

2. On page 8, the first sentence of the last paragraph is deleted and the following is inserted in its place:

    The order entered by the trial court in this action granted an anti-SLAPP motion as to two SLAPPback causes of action, viz., "to some but less than all causes of action alleged in a complaint including a SLAPPback claim." (§ 425.18, subd. (g).)

There is no change in the judgment.


_____                                  _____
TURNER, P.J.                                                              GOODMAN, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| VAL WEST et al., | B255973 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC499863) |
| v. | |
| ARENT FOX LLP, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Teresa Sanchez-Gordon, Judge. Dismissed.

Kirtland & Packard, Robert A. Muhlbach and Daniel J. Quisenberry for Plaintiff and Appellant.

Arent Fox, Collin Seals, Jerrold E. Abeles for Defendant and Respondent.

Val West (West) purports to appeal from an order granting the motion of Arent Fox LLP (Arent Fox) to strike the first and second causes of action of West's complaint under Code of Civil Procedure section 425.16.[1] We determine that West may not file an appeal in this matter, and, as we do not have jurisdiction to consider the issues she seeks to present, we dismiss.

FACTUAL AND PROCEDURAL BACKGROUND

Underlying the complaint in this action are allegations regarding treatment of West's mother while she resided at a facility providing residential care to the elderly, the Los Angeles Jewish Home for the Aging (the Home). West held a durable power of attorney for medical care for her mother and actively participated in decisions regarding her care. After many months of disagreement over the care which the Home had been giving to West's mother, in February 2010, the Home and Nadine Roisman (Roisman), executive director at one of its facilities, filed a civil action against West and David Dizenfeld, West's friend, who had attended and participated in meetings regarding the care of West's mother. (*The Los Angeles Jewish Home for the Aging et al. v. Val West and David Dizenfeld* (Super. Ct. Los Angeles County, 2010, No. LC088559).) The complaint in that action alleged causes of action for trespass, intentional interference with contractual relations, civil harassment and defamation. Arent Fox was the law firm which represented the Home and Roisman as plaintiffs in that lawsuit. The trial court granted the anti-SLAPP motion under section 425.16 for the defendants in that action as to the claim for defamation and denied it as to the other claims for relief.[2] On appeal and

---

[1]     All further statutory references are to the Code of Civil Procedure.

[2]     Section 425.16 is commonly referred to as the "anti-SLAPP" statute. "SLAPP" is an acronym for "strategic lawsuit against public participation." (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 732 and fn. 1.) As we discuss in this opinion, another statute, section 425.18, commonly referred to as the "SLAPPback" statute, contains provisions specifically addressing and limiting aspects of litigation filed after a party

2

cross-appeal of the trial court's orders, this court affirmed. (*The Los Angeles Jewish Home for the Aging v. Valerie West* (Nov. 14, 2011, B224314 [nonpub. opn.]).) That action later concluded.

West and Dizenfeld filed the complaint in this action against Arent Fox, the Home and Roisman in January 2013 (the 2013 complaint). Arent Fox's motion to strike the eight causes of action of the 2013 complaint containing allegations against it was heard on October 15, 2013. The trial court granted Arent Fox's motion as to the third, fourth, sixth and seventh causes of action only.[3] Seven days later, on October 22, 2013, the trial court sustained without leave to amend Arent Fox's demurrer to the ninth and tenth causes of action. Of the eight original causes of action alleged against Arent Fox, two remained; the first, described by West in her complaint as the "antiSLAPPback" claim, and the second, which she described as being for malicious prosecution.

Arent Fox filed its amended petition for writ of mandate in this court on February 24, 2014, seeking reversal of the trial court's order denying its motion under section 425.16 to strike the two remaining claims for relief against it upon the basis that they were "SLAPPback" claims as defined in section 425.18, subdivision (b)(1). We issued an alternative writ of mandate on February 28, 2014, ordering the trial court, after consulting with the parties, to either "vacate that part of [its] October 15, 2013, order denying [Arent Fox's] motion to strike the first and second causes of action as against it, and enter a new and different order granting the motion to strike those causes of action; or . . . [i]n the alternative, show cause . . . why a peremptory writ ordering [it] to do so should not issue." Without first consulting with the parties, the trial court vacated the relevant part of its October 15, 2013, order and granted the special motion to strike the first and second causes of action on March 5, 2014. Five days later, on March 10, 2014, West appeared ex parte before the trial court, pointing out, inter alia, that the trial court

---

succeeds in a motion invoking the protection of section 425.16. *Soukup v. Law Offices of Herbert Haffif* (2006) 39 Cal.4th 260 (*Soukup*) is the seminal case discussing the SLAPPback statute and its legislative history, which we also discuss in this opinion.

[3] Arent Fox was not named as a defendant in the fifth and eighth causes of action.

3

had not consulted with the parties before taking further action in compliance with our writ.[4] The trial court then heard from the parties regarding the writ and its March 5 order, and took the matter under submission. Later the same day the trial court issued its minute order reconfirming its March 5 determination to grant the anti-SLAPP motion as to the first two causes of action. Arent Fox gave written notice of this ruling on March 13, 2014.[5] On April 30, 2014, West filed a notice of appeal.[6]

DISCUSSION

We begin with a fundamental issue: Whether we have jurisdiction to entertain West's appeal. For the reasons now discussed, we conclude that we do not; accordingly we dismiss this appeal. [7]

"[A]ppealability goes to our jurisdiction, [and] we are dutybound to consider it on our own motion." (*Olson v. Cory* (1983) 35 Cal.3d 390, 398.) The record contains a "Notice of Appeal" filed on April 30, 2014, in which West states that she appeals from "An order of judgment under Code of Civil Procedure section 904.1(a)(3)-(13)" and from

[4] The obligation to consult with the parties before acting on such a writ is discussed at footnote 10 of *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1257, as we noted in our writ.

[5] We take judicial notice of our Order Discharging Alternative Writ of Mandate filed March 17, 2014, in *Arent Fox LLP v. Superior Court of Los Angeles County* (Dec. 17, 2013, B253157, [nonpub. opn.]), after we received notice of the trial court's March 10 ruling. We also take judicial notice of the legislative history of enactment of section 425.18.

[6] Dizenfeld did not join in that appeal.

[7] In the text of this opinion we discuss West's contention that her appeal is authorized by sections 425.16, subdivision (i) and 904.1, subdivision (a)(13). West had cited a second basis for her appeal in her Notice of Appeal, viz., she contended it was authorized by the holding of our Supreme Court in *Justus v. Atchison* (1977) 19 Cal.3d 564, 568. However, in her April 14, 2014, letter brief, West appears to recede from this claim. The facts of that case, including that a judgment had been entered and that the issue addressed concerned an entirely different matter (commonly referred to as the "one final judgment rule") make reliance on it inappropriate in any event.

4

"The Superior Court's March 5, 2014 Minute Order [which] granted [Defendant Arent Fox's] Motion to Strike Plaintiff's first and second causes of action," citing as authority for this second alleged basis for appeal *Justus v. Atchison*, *supra,* 19 Cal.3d at 567-568.[8] By letter to the parties we noted certain concerns with these bases for appeal, and asked that West file a copy of any judgment the trial court may have issued as one was not in the record on appeal. No such judgment was ever filed as none was entered. As we stated in our letter to the parties, if no judgment was filed, argument would be limited to whether the appeal should be dismissed. After argument we sent a second letter to the parties with additional questions, to which they filed responsive letter briefs.

West contends her appeal is properly brought "[f]rom an order granting . . . a special motion to strike under Section 425.16," and thus she properly filed her appeal in reliance on sections 425.16, subdivision (i) and 904.1, subdivision (a)(13).[9] Inspection of West's complaint as well as these two statutes reveals that this contention lacks merit for the following reasons: West alleges in the first cause of action of her complaint not only that the defendants' "actions are in violation of []§ 425.16," but that "they have created a SLAPP back [sic] cause of action pursuant to [] § 425.18 . . . ." Thus, she specifically pled that this claim is a SLAPPback.[10] Her second cause of action, for malicious

---

[8]     West's notice of appeal misidentified the final order on the matters from which she might appeal. West, via ex parte application, had obtained reconsideration of the trial court's March 5 ruling, doing so on March 10; later the same day the trial court filed the order described above. We construe the statement in West's "Notice of Appeal" referencing the order entered on March 5, 2014, to refer instead to that filed March 10. If she were appealing from the March 5 order, the appeal would be further beyond the deadline for complying with the applicable statute, section 425.18, subdivision (g).

[9]     Section 425.16, subdivision (i) provides: "An order granting . . . a special motion to strike shall be appealable under Section 904.1."
        Section 904.1, subdivision (a) provides: "An appeal . . . may be taken from any of the following: [¶] . . . [¶] (13) From an order granting or denying a special motion to strike under Section 425.16."

[10]    Section 425.18, subdivision (b)(1) sets forth the definition of a SLAPPback cause of action. The section provides: "'SLAPPback' means any cause of action for malicious prosecution or abuse of process arising from the filing or maintenance of a prior cause of

5

prosecution, is also a SLAPPback as it meets the same statutory test.  While West is correct in describing these two causes of action as SLAPPbacks and in contending that the motion to strike them is properly brought under section 425.16, she errs in concluding that that section governs the right to seek appellate review from the grant (or denial) of such a motion.

The error in West's contention is that SLAPPback claims are a subset of SLAPP motions, and while many of the same rules apply, some differ, including rules which are determinative of this appeal.  This different treatment results from legislative action to address special issues that were perceived after the original "anti-SLAPP" statute was enacted in 1992 (S.B. 1264).  (See Sen. Bill No. 1264 (1991-1992 Reg. Sess.) § 2).  As reflected in the history of enactment of section 425.18 in 2005, the Legislature had become concerned with special problems posed by actions filed to "SLAPPback" at participants in earlier litigation.  (Many of these issues are discussed in *Soukup, supra*, 39 Cal.4th at 268.)  To address these concerns, certain amendments were proposed, initially to section 425.16 (A.B. 1158).  (Assem. Bill. No. 1158 (2005-2006 Reg. Sess.) as introduced Feb. 22, 2005.)  As A.B. 1158 moved through the Legislature, however, it was determined that more significant changes were needed to address the problems that had been identified with section 425.16.  The result was amendment of A.B. 1158, to reenact section 425.16 with certain changes as section 1 of Statutes 2005, chapter 535, but also to enact, as section 2 of that legislation a new section 425.18.  (Assem. Bill No. 1158 (2005-2006) § 2.)  This new statute was directed at specific problems of the newly defined subset of anti-SLAPP motions, defined in section 425.18, subdivision (b)(1) as "SLAPPbacks."  Among the special rules enacted to address the specific problems which the Legislature sought to address with SLAPPback actions were subdivisions concerning the timing, discovery and cost and fee recovery for special motions to strike SLAPPback

action that has been dismissed pursuant to a special motion to strike under Section 415.16."  Section 425.18, subdivision (b)(2) confirms that the motion to be filed to enforce the protections afforded when a SLAPP back cause of action is at issue is a "'special motion to strike' . . . made pursuant to section 425.16."  (§ 425.18, subd. (b)(2).)

6

causes of action that are distinct from rules on the same subjects applicable to the broader group of anti-SLAPP motions generally. (Compare § 425.18, subds. (d) [scheduling of SLAPPback motions], (e) [discovery] and (f) [costs and attorney fees] with § 425.16, subds. (f) [scheduling of anti-SLAPP motions other than SLAPPbacks], (g) [discovery] and (c) [costs and attorney fees].) The Legislature did not change the procedure for raising these issues: When a party seeks judicial action to strike a cause of action which is a SLAPPback as defined in section 425.18, subdivision (b)(1), the procedure to be followed is to file a special motion to strike "pursuant to section 425.16." (§ 425.18, subd. (b)(2).) This reading of the statutes is confirmed in the legislative history of A.B. 1158. Committee Reports on this bill repeatedly describe the use of "an anti-SLAPP motion" as the means to address a "SLAPPback cause of action." (Assem. Com. on Judiciary, Analysis on Assem. Bill. No. 1158 (2005-2006 Reg. Sess.) Apr. 5, 2005, pp. 1-3; Sen. Judiciary Com., Analysis on Assem. Bill No. 1158 (2005-2006 Reg. Sess.) July 12, 2005, pp. 2, 7; Sen. Judiciary Com., Rep. on Assem. Bill. No. 1158 (2005-2006 Reg. Sess.), Aug. 16, 2005, pp. 2, 16 ["In light of the above concerns, committee staff . . . arrived at the compromise August 15 AB 1158 proposal to continue allowing the filing of an anti-SLAPP motion in a SLAPPback . . . ."]; Sen. Judiciary Com., Analysis on Assem. Bill. No. 1158 (2005-2006 Reg. Sess.) Aug. 24, 2005, pp. 2-3.)

The Legislature also established special rules for appellate review of SLAPPback motions that differ from rules for review of SLAPP motions generally. While the latter are governed by sections 425.16, subdivision (i) and 904.1, subdivision (a)(13), which make review of orders granting or denying a special motion to strike subject to the usual appellate process, the Legislature expressly determined that SLAPPback motions are to be reviewed by a different procedure. Thus, section 425.18, subdivision (c) expressly disallows use of section 904.1, subdivision (a)(13), as a basis for appeal of a ruling on a SLAPPback, providing that "[t]he provisions of . . . paragraph (13) of subdivision (a) of Section 904.1 shall not apply to a special motion to strike a SLAPPback." (§ 425.18, subd. (c).) The Legislature specified a different manner for appellate review of most rulings on special motions to strike SLAPPback claims in enacting section 425.18,

7

subdivision (g). This section provides: "Upon entry of an order denying a special motion to strike a SLAPPback claim, or granting the special motion to strike as to some but less than all causes of action alleged in a complaint containing a SLAPPback claim, an aggrieved party may, within 20 days after service of a written notice of the entry of the order, petition an appropriate reviewing court for a peremptory writ."

These and other special rules for SLAPPback motions were enacted to address this special category of SLAPP motions because SLAPPbacks are "distinguishable in character and origin from the ordinary malicious prosecution action." (§ 425.18, subd. (a).) The legislative history of enactment of section 425.18 contains express reference to this different procedure for appellate review of trial court rulings when the SLAPP motion (or anti-SLAPP motion) contains a "SLAPPback." Thus, in describing the provisions of AB 1158, the July 12, 2005 Bill Analysis of A.B. 1158 prepared for the Senate Judiciary Committee states, "There would be no automatic right to appeal the denial of the motion, but an expedited writ process is provided." This explanation is unmistakably based on language then in A.B. 1158 that was later enacted as section 425.18, subdivision (c), which eliminated section 904.1, subdivision (a)(13) as a means of appeal, and section 425.18, subdivision (g), which provided for limited appellate review by peremptory writ. The August 24, 2005, Senate Floor Analysis for A.B. 1158 includes a virtually identical description. (Sen. Judiciary Com., Analysis on Assem. Bill. No. 1158 (2005-2006 Reg. Sess.) Aug. 24, 2005.) For these reasons West's reliance on sections 904.1, subdivision (a)(13) and 425.16, subdivision (i) as the bases for her appeal are unavailing; those statutes are expressly made inapplicable to the present "appeal" by section 425.18, subdivisions (c) and (g).

The order entered by the trial court in this action granted an anti-SLAPP motion as to two SLAPPback causes of action, viz., "to some but less than all causes of action alleged in a complaint including a SLAPPback claim." (§ 425.16, subd. (g).) Arent Fox gave West notice of entry of this order on March 13, 2014. The sole remedy provided for review of that order was for West as the aggrieved party to petition an appropriate reviewing court for a peremptory writ within 20 days of service of written notice of the

8

order. As West took no action to seek appellate review until she filed her Notice of Appeal on April 30, 2014, she has failed to seek review by peremptory writ within 20 days of notice of entry of the order of which she seeks review. Accordingly we do not have jurisdiction to consider her appeal and dismiss it.[11]

DISPOSTION

West's appeal from the trial court's order of March 10, 2014, is dismissed. Arent Fox shall recover its costs on appeal.

GOODMAN, J.[*]

We concur:

TURNER, P.J.

MOSK, J.

---

[11] Although Arent Fox was not a party itself to the earlier SLAPP proceeding, but counsel for a party, from the manner in which a SLAPPback is defined, viz., with reference to the nature and circumstance of the prior action rather than to particular parties (see § 425.18, subd. (b)(1)), a lawyer or law firm which represented a party in the prior proceeding is within the scope of "parties" intended to be protected under these statutes. This construction of section 425.18, subdivision (b)(1) is supported by the legislative purpose of this statutory plan which is focused on protecting the valid exercise of constitutional rights of free speech and petition. (See §§ 425.16, subd. (a) and 425.18, subd. (a) [containing statements of legislative purpose].) Failing to accord the same protections to counsel for a protected party as are provided for the party would defeat this legislative purpose. The overriding intent of the Legislature was to assure that the "parent statute," section 425.16, be "construed broadly." (§ 425.16, subd. (a) [final sentence].) As a special case enacted to further the protections of section 425.16, the provisions of section 425.18 are to be similarly construed.

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9