Filed 11/3/15  Guerrero v. Valley Christian High School CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| AUSTIN GUERRERO,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>VALLEY CHRISTIAN HIGH SCHOOL et al.,<br><br>    Defendants and Respondents<br><br>SUPERIOR COURT OF LOS ANGELES COUNTY,<br><br>    Real Party in Interest. | B260972<br><br>(Los Angeles County<br>Super. Ct. No.VC061044) |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  Gail Ruderman Fuer, Judge.  Petition denied.

Austin Guerrero in pro. per for Plaintiff and Appellant.

Wait & Hufnagel, Thomas B. Wait and Matthew P. Malczynski for Defendants and Respondents.

No appearance for Real Party in Interest.

# INTRODUCTION

Appellant Austin Guerrero alleges his teeth were damaged while playing flag football as part of a physical education class at Valley Christian High School. He sued the school, which is operated by respondent Valley Christian School System, and the class instructor, respondent Michael Zoeteway[1] (collectively, Valley Christian). On the first day of trial, Guerrero dismissed the case without prejudice. Valley Christian sought costs as the prevailing party under Code of Civil Procedure sections 1032, subdivision (b) and 1033.5.[2] Guerrero moved to strike and tax the memorandum of costs; the trial court denied the motion to strike but partially taxed some of the costs. Guerrero moved for reconsideration and the trial court denied the motion. Guerrero appeals the trial court's orders relating to costs and to reconsideration.

As a threshold matter, the trial court's post-dismissal orders are not appealable. Although orders relating to post-judgment costs are appealable under section 904.1, subdivision (a)(2), the orders at issue here follow a voluntary dismissal without prejudice, and are therefore not appealable. Because the issues are fully briefed and the parties would otherwise have no avenue to review the trial court's order, we exercise our discretion to treat this appeal as a petition for writ of mandate.

We conclude that the trial court did not abuse its discretion by denying Guerrero's motion to strike or his motion for reconsideration. Accordingly, Guerrero's petition for writ of mandate is denied.

---

[1] Michael Zoeteway was erroneously sued as Robert Zoeteway.

[2] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

## FACTUAL AND PROCEDURAL BACKGROUND

Guerrero was a 15-year-old student at Valley Christian High School and was enrolled in a mandatory physical education course called "Introduction to Fitness" in April 2010. As part of that course, Guerrero and others were playing flag football when Guerrero sustained an injury in which two of his teeth were knocked out. Guerrero sued course instructor Michael Zoeteway and Valley Christian High School for various causes of action related to the injury.

On the day trial was scheduled to begin, Guerrero, proceeding in propria persona after dismissing his attorney the previous day, submitted a request for dismissal without prejudice to the trial court. The trial judge discussed the types of dismissals with Guerrero to ensure that Guerrero wished to dismiss without prejudice. The court had Guerrero sworn in, and Guerrero testified that he filed a request for dismissal without prejudice. The trial court's minute order for that day, February 19, 2014, states, "The Court finds that the Plaintiff has filed a request for dismissal without prejudice and will enter a dismissal of the action forthwith." The clerk entered dismissal six days later, on February 25, 2014.[3]

Valley Christian filed a memorandum of costs on March 20, 2014, 23 days after the clerk entered dismissal. Guerrero moved to strike and tax the memorandum of costs, arguing that Valley Christian should bear its own costs because Guerrero was a college student with a limited income.[4] Valley Christian opposed the motion, arguing that it was entitled to costs under sections 1032 and 1033.5 as the prevailing party. Valley Christian

---

[3] Although the record does not include a proof of service, the trial court later noted in an order that the clerk mailed notice of the dismissal on February 25, 2014.

[4] Guerrero also argued that Valley Christian was not entitled to enhanced fees under section 998, asserting that Valley Christian had not served a section 998 offer to compromise during the course of the litigation. In response, Valley Christian submitted its section 998 offer with proof of mail service. Guerrero's reply included declarations stating that neither he, his family members, nor his attorney ever received the offer. The trial court found that because the section 998 offer was never received and therefore not "made," Valley Christian was not entitled to expert fees under section 998. Guerrero does not appeal that portion of the court's ruling.

argued that the costs listed in its memorandum were necessary and reasonable. Further, Valley Christian argued that the court should reject the equitable considerations Guerrero asserted.

In his reply, Guerrero argued for the first time that Valley Christian's memorandum of costs was filed late because it was filed 23 days after entry of dismissal, beyond the 15 days allowed in California Rules of Court, rule 3.1700. Valley Christian filed a surreply to address this new argument. Valley Christian asked the court to excuse its late filing under section 473, subdivision (b), arguing that it relied on an outdated version of a practice guide that provided confusing guidance about the requirements for filing a memorandum of costs following a voluntary dismissal. According to Valley Christian, the practice guide said a "judgment of dismissal" must be entered before costs could be awarded. Valley Christian explained that it waited to see whether Guerrero would file a proposed judgment of dismissal. After it appeared that Guerrero did not intend to file a proposed judgment, Valley Christian filed its memorandum of costs along with its own proposed judgment.

The trial court denied Guerrero's request to strike the memorandum of costs based on the late filing. The court stated that based on the reasons stated in Valley Christian's surreply, the lack of prejudice to Guerrero, and because Guerrero "failed to comply with the requirement that he serve notice of the dismissal (instead of relying on mailing by the clerk)"—an issue not raised by the parties—good cause existed to allow Valley Christian's late-filed memorandum of costs. The court also rejected Guerrero's argument that based on his income, costs should not be assessed against him. The court reasoned that there is no statutory basis for denying an award of costs based on a party's financial status, and Guerrero cited no relevant authority supporting his position. The trial court awarded only those costs to which Valley Christian was entitled as a prevailing party under sections 1032 and 1033.5. The trial court further reduced some of Valley Christian's service-of-process fees that it deemed unreasonably high, and awarded Valley Christian the remaining costs.

4

The trial court entered an order titled "Judgment of Dismissal and Award of Costs" on the proposed form submitted by Valley Christian. The document includes the statement, "WHEREAS dismissal of the entire action, without prejudice, was entered by the Clerk of the Court on February 25, 2014. . . ." and awards costs to Valley Christian. Overall, the trial court reduced Valley Christian's recoverable costs from the requested $29,165.57 to $11,897.80.

Guerrero sought reconsideration of the court's ruling, disagreeing with the trial court's sua sponte assertion that he was required to give notice of the dismissal after it was entered by the clerk. In support of his argument, Guerrero submitted declarations stating that counsel for Valley Christian waived notice the day Guerrero testified he was seeking dismissal. Guerrero reasoned that because Valley Christian had waived notice, the trial court erred by holding that Guerrero had a duty to provide additional notice once dismissal was entered. He also argued that information about the waiver constituted "new or different facts" never presented to the trial court as required by section 1008, subdivision (b), because the notice issue was raised sua sponte by the court in its order and had not been addressed by the parties.

Valley Christian opposed the motion for reconsideration, arguing that the trial court's ruling on the motion to strike was not based on Guerrero's failure to provide notice. In addition, the opposition argued that Guerrero failed to present new or different facts to the trial court as required by section 1008. The trial court's statement that Guerrero failed to give notice of the dismissal was included in its tentative ruling on the motion to strike; Valley Christian argued that Guerrero had the opportunity to correct the court's misunderstanding at the hearing on the motion but failed to do so before stipulating to entry of the tentative as the final order. In his reply, Guerrero argued that he should not be estopped from asserting new facts not previously considered by the trial court simply because he submitted to a tentative ruling.

The court denied the motion for reconsideration, holding that Guerrero failed to present facts unknown at the time of the motion to strike. The court also noted that Guerrero failed to assert any valid reason for not informing the court of Valley

5

Christian's waiver of notice at the hearing on the motion to strike in response to the court's tentative ruling. Valley Christian served notice of the ruling. Guerrero filed a timely notice of appeal.

## DISCUSSION

Guerrero asserts three claims of trial court error. First, he argues that the trial court should have stricken the memorandum of costs on timeliness grounds. Second, Guerrero argues that the trial court erred by awarding costs based on his being among a class of plaintiffs who should be exempt from cost-shifting provisions. Third, Guerrero argues that the trial court erred by denying his motion for reconsideration. We address each of Guerrero's arguments in turn below.

As a threshold matter, however, we must address whether the orders for which Guerrero seeks review are reviewable. Because appealability is a jurisdictional prerequisite to an appeal, we are required to consider it on our own initiative. (*West v. Arent Fox LLP* (2015) 237 Cal.App.4th 1065, 1069.)

A.  *The trial court's post-dismissal orders are not appealable.*

Guerrero states that he is appealing the trial court's orders denying his motion to strike and motion to reconsider. These orders are not appealable under section 904.1.

"A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment." (*Griset v. Fair Political Practices Com'n* (2001) 25 Cal.4th 688, 696, citing *Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.) "The right to appeal is wholly statutory." (*Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5.) Appealable judgments and orders are listed in section 904.1, and include "an order made after a judgment." (§ 904.1, subd. (a)(2).)

Although an order on a motion to strike costs is ordinarily appealable as an order made after a judgment, no judgment was entered in this case. Instead, Guerrero requested that his action be dismissed without prejudice, and the clerk entered dismissal as requested. "A voluntary dismissal under Code of Civil Procedure section 581, subdivision (b)(1) by written request to the clerk is not a final judgment, as no judgment, final or otherwise, is necessary to the dismissal." (*H.D. Arnaiz, Ltd. v. County of San*

6

*Joaquin* (2002) 96 Cal.App.4th 1357, 1364-1365.) The order awarding costs explicitly noted that "dismissal of the entire action was entered by the Clerk of the Court." The trial court did not enter a judgment.

Moreover, Guerrero dismissed his case without prejudice; he states in his opening brief that he intended to re-file the case. By definition, a judgment is "the final determination of the rights of the parties in an action or proceeding." (§ 577.) Because Guerrero dismissed his action against Valley Christian *without* prejudice, thereby preserving the option of filing a future action based on the same incident, the dismissal is not a final determination of the parties' rights. (*Areso v. CarMax, Inc.* (2011) 195 Cal.App.4th 996, 1001 ["a voluntary dismissal without prejudice is not a final judgment appealable on the merits"]; see also *Syufy Enterprises v. City of Oakland* (2002) 104 Cal.App.4th 869, 879.)

Furthermore, the document titled "Judgment of Dismissal and Award of Costs" cannot be deemed an appealable judgment. That document, dated September 23, 2014, states that "dismissal of the entire action, without prejudice, was entered by the Clerk of the Court on February 25, 2014. . . ." Because dismissal had been entered by the clerk seven months earlier, the trial court was without jurisdiction to enter a judgment. (§ 581d ["A written dismissal of an action shall be entered in the clerk's register and is effective for all purposes when so entered."].) "[V]oluntary dismissal of an entire action deprives the court of both subject matter and personal jurisdiction in that case, except for the limited purpose of awarding costs and statutory attorney fees." (*Gogri v. Jack in the Box Inc.* (2008) 166 Cal.App.4th 255, 261.) Although the trial court retained jurisdiction to enter an award of costs after the clerk entered the dismissal, it did not have jurisdiction to enter a judgment of dismissal.

Because the voluntary dismissal is not itself appealable, the order relating to costs following the dismissal is not appealable. Section 904.1, subdivision (a)(2) states that an appeal may be taken "[f]rom an order made after" an appealable judgment. As this Court held under similar circumstances in *Mon Chong Loong Trading Corp. v. Superior Court* (2013) 218 Cal.App.4th 87, 92: "Here . . . there has been no judgment, only a dismissal,

7

and the entry of dismissal by the clerk is a 'ministerial, not a judicial, act, and no appeal lies therefrom.' [Citation.] Therefore, the order taxing costs follows a nonappealable voluntary dismissal, and is similarly nonappealable." The same is true here.

Without an appealable order, however, the parties do not have a means to secure review of the trial court's post-dismissal orders. We therefore exercise our discretion to construe the appeal as a petition for writ of mandate. "A petition for a writ, not an appeal, is the authorized means for obtaining review of judgments and orders that lack the finality required by Code of Civil Procedure section 904.1, subdivision (a)." (*Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 743-744.) "An appellate court has discretion to treat a purported appeal from a nonappealable order as a petition for writ of mandate, but that power should be exercised only in unusual circumstances." (*H.D. Arnaiz, supra*, 96 Cal.App.4th at pp. 1366-1367.) Unusual circumstances exist where there is an inadequate remedy at law, the briefs and record include the substance necessary for proceeding as a writ of mandate, the appealability of the order was not clear, and there is no indication that the trial court as respondent would wish to appear separately or become more than a nominal party. (*Fox Johns Lazar Pekin & Wexler, APC v. Superior Court* (2013) 219 Cal.App.4th 1210, 1217; *Olson v. Cory* (1983) 35 Cal.3d 390, 401; *Morehart, supra*, 7 Cal.4th at pp. 745-746.) Such circumstances exist in this case.

Accordingly, we elect to construe Guerrero's appeal as a petition for a writ of mandate.

B. *The trial court did not abuse its discretion in denying the motion to strike the memorandum of costs on timeliness grounds.*

Guerrero argues that the trial court abused its discretion by denying his motion to strike the memorandum of costs for being filed more than 15 days after entry of dismissal. A trial court's consideration of late-filed papers is reviewed for abuse of discretion. (*Bozzi v. Nordstrom, Inc.* (2010) 186 Cal.App.4th 755, 765.) "'The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the

8

reviewing court has no authority to substitute its decision for that of the trial court.'" (*Bank of America, N.A. v. Superior Court of Orange County* (2013) 212 Cal.App.4th 1076, 1089, quoting *Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478-479.) Here, the trial court did not abuse its discretion by declining to strike the late memorandum of costs.

Guerrero submitted his request for dismissal on February 19, 2014 and testified in open court the same day that he wanted to dismiss the case without prejudice. The clerk entered the dismissal six days later, on February 25.

Valley Christian filed its memorandum of costs on March 20, 2014—23 days after the clerk entered the dismissal. There is no indication in the parties' briefs or in the record that the clerk served notice of the final dismissal, but the trial court's order on the motion to strike suggests that the clerk mailed notice on February 25, the day it was entered. Valley Christian does not dispute that it received timely service of the dismissal.

According to California Rules of Court, rule 3.1700(a)(1), "A prevailing party who claims costs must serve and file a memorandum of costs within 15 days after the date of mailing of the notice of entry of judgment or dismissal by the clerk under section 664.5 or the date of service of written notice of entry of judgment or dismissal, or within 180 days after entry of judgment, whichever is first." If a notice of dismissal is served by mail within the State of California, the time for filing a memorandum of costs is extended by five days under Section 1013, subdivision (a). (*Nevis Homes LLC v. CW Roofing, Inc.* (2013) 216 Cal.App.4th 353, 354-355.) Assuming the clerk mailed the dismissal on February 25, Valley Christian's memorandum of costs was due 20 days later, on March 17. Because it was not filed until March 20, it was three days late.

A trial court has discretion to accept or reject a late-filed paper. (Cal. Rules of Court, rule 3.1300(d) ["If the court, in its discretion, refuses to consider a late filed paper, the minutes or order must so indicate"].) The time limitation to file a memorandum of costs is mandatory but not jurisdictional. (*Hydratec, Inc. v. Sun Valley 260 Orchard & Vineyard Co.* (1990) 223 Cal.App.3d 924, 929.) Because the time limit is not jurisdictional, "a trial court has broad discretion in allowing relief from a late filing where, as here, there is an absence of a showing of prejudice to the opposing party."

9

(*Hoover Community Hotel Development Corp. v. Thomson* (1985) 168 Cal.App.3d 485, 488.)

The trial court did not abuse its discretion by considering Valley Christian's late-filed memorandum of costs. Guerrero has not asserted any prejudice from the three-day delay in Valley Christian's filing. In fact, he did not even refer to Valley Christian's late filing in his motion to strike the costs, raising it for the first time in his reply.

Valley Christian states that it filed its memorandum late because it incorrectly relied on an outdated practice guide. According to Valley Christian, the practice guide advised waiting for a party seeking dismissal to file a proposed "judgment of dismissal" following the clerk's entry of dismissal. Once Valley Christian concluded that Guerrero would not be filing such a proposed judgment, it filed its memorandum of costs with its own proposed judgment and costs order.

Valley Christian argues that section 473, subdivision (b) applied to its late-filed memorandum of costs and allowed the trial court to grant relief for Valley Christian's error. This assertion is incorrect. Section 473, subdivision (b) allows a trial court to "relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." (§ 473, subd. (b).) Here, there was no "judgment, dismissal, order, or other proceeding taken against" Valley Christian for which it needed relief. Section 473, subdivision (b) therefore did not apply.

However, the trial court was well within its discretion to consider Valley Christian's late-filed memorandum of costs under California Rules of Court, rule 3.1300(d). Indeed, courts frequently consider documents that have been untimely filed to avoid "the expenditure of unnecessary time and money for the preparation of later section 473 motions." (*Kapitanski v. Von's Grocery Co.* (1983) 146 Cal.App.3d 29, 32.) It is a proper exercise of discretion to relieve attorneys from tardy filings when the attorney's conduct was reasonable. (*Mann v. Cracchiolo* (1985) 38 Cal.3d 18, 30.)

Because the trial court had discretion to consider late-filed papers under California Rules of Court, rule 3.1300(d) and the three-day delay did not prejudice Guerrero, the

10

trial court did not abuse its discretion by denying Guerrero's motion to strike the memorandum of costs on timeliness grounds.

C. *The trial court did not abuse its discretion by awarding costs to Valley Christian as a prevailing party.*

Guerrero argues that the trial court abused its discretion by awarding costs to Valley Christian because Valley Christian is insured while Guerrero is a college student with a limited income. We review a trial court's determination of costs under the abuse of discretion standard. (*MacQuiddy v. Mercedes-Benz USA, LLC* (2015) 233 Cal.App.4th 1036, 1050.)

Section 1032, subdivision (b) states, "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." This subdivision "guarantees prevailing parties in civil litigation awards of the costs expended in the litigation." (*Williams v. Chino Valley Independent Fire Dist.* (2015) 61 Cal.4th 97, 100.) Neither party cites any statute limiting the award of costs under the circumstances of this case, and we have found none.

Guerrero argues that because he is a low-income college student he should not have to pay the costs incurred by Valley Christian, which is insured and can presumably bear the costs of litigation more easily. Disparate resources may be considered under some statutes addressing the award of litigation costs and fees. For example, section 998 allows expert witness fees to be awarded in the court's discretion, Probate Code section 1002 allows the court to award costs in its discretion in a probate case, and Government Code section 12965, subdivision (b) allows a court to award costs and fees in its discretion in a Fair Employment and Housing Act case. By contrast, section 1032 does not provide for an assessment of the parties' relative wealth—it states that the prevailing party is entitled to its costs "as a matter of right." Absent statutory authority to the contrary, "the court has no discretion to deny costs to the prevailing party." (*Nelson v. Anderson* (1999) 72 Cal.App.4th 111, 129.)

Citing only federal cases, Guerrero argues that public policy bars charging costs to plaintiffs asserting claims that have the potential to increase public safety. Had he

prevailed, Guerrero argues, he could have influenced schools to require students to wear mouth guards during physical education classes, thus reducing injuries to schoolchildren. Although Guerrero does not cite any California authorities on this point, he is correct that certain statutes, such as section 1021.5,[5] allow successful plaintiffs to recover costs and fees if they have conferred a significant benefit on the public through private enforcement actions. Guerrero's personal injury action, however, is not one of these cases. Guerrero was not pursuing private enforcement of a public benefit, and he was not successful— Valley Christian was the prevailing party. (§ 1032, subd. (a)(4).) The case does not fall within the Legislature's definition of cases in which a plaintiff should be exempt from paying costs as a result of conferring a significant benefit to a large class of persons.

The trial court therefore did not abuse its discretion in awarding costs to Valley Christian as the prevailing party.

D.      *The trial court did not abuse its discretion in denying the motion for reconsideration.*

Guerrero argues that the trial court erred by denying his motion for reconsideration. Guerrero's motion addressed only the portion of the trial court's tentative ruling stating that Guerrero failed to give notice of the dismissal after it was entered by the clerk. Guerrero argues that declarations stating that Valley Christian waived notice constitute "new evidence" as required by section 1008, and as such the trial court erred by denying his motion to reconsider his motion to strike Valley Christian's memorandum of costs.

"A trial court's ruling on a motion for reconsideration is reviewed under the abuse of discretion standard." (*Farmers Insurance Exchange v. Superior Court* (2013) 218

---

[5] "Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement, or of enforcement by one public entity against another public entity, are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any." (§ 1021.5.)

12

Cal.App.4th 96, 106.) Trial courts have broad discretion in ruling on motions for reconsideration. (*Monroy v. City of Los Angeles* (2008) 164 Cal.App.4th 248, 265.) Section 1008, subdivision (b) allows a motion for reconsideration "upon new or different facts, circumstances, or law, in which case it shall be shown by affidavit . . . what new or different facts, circumstances, or law are claimed to be shown." This subdivision also "require[s] a party filing an application for reconsideration or a renewed application to show diligence with a satisfactory explanation for not having presented the new or different information earlier." (*Even Zohar Constr. & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 839.)

The trial court did not err in concluding that Guerrero did not satisfy the requirements of section 1008, subdivision (b). Guerrero submitted and focuses on declarations stating that counsel for Valley Christian waived notice of the proceedings on February 19, the day Guerrero testified he was seeking dismissal without prejudice. Guerrero was aware of Valley Christian's waiver when he filed his motion to strike but he did not bring it to the court's attention in that filing or at the related hearing. Section 1008 requires a party seeking relief to offer information the moving party could not, with reasonable diligence, have discovered or produced earlier. (*New York Times Co. v. Superior Court* (2005) 135 Cal.App.4th 206, 213.) The court acted within its discretion when it concluded that the declarations concerning the alleged waiver did not meet this standard.

The declarations were not particularly relevant in any event. They pertained to a waiver made on the date Guerrero requested dismissal, not the date the dismissal was entered. California Rules of Court, rule 3.1700(a)(1), which establishes the 15-day deadline for filing a memorandum of costs, starts the clock on the "date of mailing of the notice of *entry* of judgment or dismissal by the clerk" (italics added), not the date on which a *request* for dismissal was made. There is no indication in the record that Valley Christian's waiver at the February 19 hearing extended to the subsequent notice of entry of dismissal by the clerk.

13

Guerrero nonetheless contends that the trial court erred by relying on the notice issue and holding that he had a duty to provide additional notice. Although the court's sua sponte invocation of California Rule of Court, rule 3.1390 as an alternative basis on which to deny Guerrero's motions to strike and reconsider was irregular, we conclude that it ultimately was of no consequence. The court also considered and relied upon the grounds Valley Christian raised in its memorandum of costs, namely that that there was no prejudice to Guerrero and because Valley Christian relied on an outdated practice guide. As we already have discussed, the court acted within its discretion in declining to strike the untimely memorandum on those grounds. The court also acted within its discretion in denying the motion for reconsideration on section 1008 grounds. Even if its additional reliance on Guerrero's alleged failure to provide notice of entry of dismissal was in error, Guerrero has not demonstrated he was prejudiced as a result.

The California Constitution provides that "[n]o judgment shall be set aside, or new trial granted, in any cause . . . for any error as to any matter of procedure, unless . . . the error complained of has resulted in a miscarriage of justice." (Cal. Const., art. VI, § 13.) A miscarriage of justice only occurs where "it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." (*People v. Watson* (1956) 46 Cal.2d 818, 836.) Here, even if the trial court did err by raising the notice issue, there was no miscarriage of justice. Valley Christian did not argue that a lack of notice was the reason its memorandum of costs was filed late—it claimed it relied on an outdated practice guide. Guerrero's motion for reconsideration therefore focused on an issue that ultimately is irrelevant to whether the trial court abused its discretion in awarding costs to Valley Christian. The trial court did not abuse its discretion with respect to the motion to reconsider and Guerrero has shown no reversible error.

14

**DISPOSITION**

Guerrero's appeal from the orders awarding costs and denying reconsideration is deemed to be a petition for writ of mandate and is denied. The parties are to bear their own costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.


We concur:


EPSTEIN, P. J.


MANELLA, J.

15