Filed 6/20/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| TSZ KEUNG WONG et al., <br><br> Plaintiffs and Respondents, <br><br> v. <br><br> YI DONG et al., <br><br> Defendants and Appellants. | A171466 <br><br> (Alameda County <br> Super. Ct. No. 23CV053261) |

This is an interlocutory appeal from an order denying a motion to strike or dismiss a malicious prosecution action. We lack jurisdiction to review the order under the anti-SLAPP statute. Because the case is a SLAPPback, the order is reviewable only by petition for a peremptory writ. (See Code Civ. Proc., § 425.18, subds. (b)(1), (c), (g).[1]) The remainder of the appeal, over which we do have jurisdiction, is without merit.

## BACKGROUND

### A.

Enacted in 1992, the anti-SLAPP statute is now well established in California law. (§ 425.16, added by Sen. Bill No. 1264 (1991-1992 Reg. Sess.), Stats. 1992, ch. 726, § 2.) Section 425.16 is designed to weed out lawsuits brought primarily to chill free speech or petition rights—suits the Legislature has deemed an "abuse of the judicial process." (§ 425.16, subd. (a).) Such a

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

lawsuit is called a "strategic lawsuit against public participation," or "SLAPP" suit. (See *Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1055-1056 (*Rusheen*).) Section 425.16 authorizes a court to strike a claim that arises from an act in furtherance of the defendant's right of free speech or petition. (§ 425.16, subd. (b)(1).) Protected rights include the right to file a civil lawsuit. (*Rusheen*, at p. 1056.)

### B.

In an earlier lawsuit, Tsz Keung Wong and Huechi Wong (collectively "the Wongs") sued Yi Dong over unpaid rent. Dong then filed a cross-complaint alleging that the Wongs' lawsuit constituted abuse of process, intentionally caused him emotional distress, and violated the Unfair Competition Law (Bus. & Prof. Code, § 17200 et seq.). In response, the Wongs filed a motion to strike the cross-complaint under the anti-SLAPP statute. (§ 425.16.) While that motion was pending, Dong voluntarily dismissed his cross-complaint.

Despite the dismissal, the trial court ruled on the merits of the Wongs' anti-SLAPP motion for purposes of determining their entitlement to attorney fees. (See *Ross v. Seyfarth Shaw LLP* (2023) 96 Cal.App.5th 722, 732-733 (*Ross*).) The court held that the cross-complaint arose from activity protected by the anti-SLAPP statute and that Dong failed to demonstrate a probability of success on the merits of his complaint. As a result, the court concluded that the anti-SLAPP motion "would have been granted" had the case not been dismissed.

### C.

Which brings us to this case. The Wongs have now filed a malicious prosecution action for damages caused by Dong's cross-complaint. They allege that Dong and his attorneys (Shanshan Zou d/b/a Merca Law Group, and Vincit Law P.C.; collectively

2

"Dong") brought the cross-complaint for a malicious purpose, that it lacked probable cause, and that it caused them damages.

Dong responded by filing his own motion to strike under Code of Civil Procedure section 425.16, arguing that the Wongs' malicious prosecution action is itself a SLAPP. Alternatively, Dong sought dismissal under Civil Code section 1714.10, which establishes procedural prerequisites for conspiracy causes of action against attorneys. The trial court denied both requests. Dong filed the instant interlocutory appeal from that order, citing Code of Civil Procedure section 426.16.

## DISCUSSION

### A.

The threshold question is whether we have jurisdiction over Dong's appeal from the denial of his anti-SLAPP motion. Although the Wongs do not challenge our appellate jurisdiction, we are obligated to consider the question sua sponte. (See *West v. Arent Fox LLP* (2015) 237 Cal.App.4th 1065, 1069 (*Arent Fox*).) We dismiss this portion of Dong's appeal for lack of jurisdiction.

Ordinarily, under the "one final judgment" rule, an order that does not resolve all the claims in the case is not appealable until the conclusion of the case. (See *In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 756 (*Baycol*); § 904.1, subd. (a).) This is a bedrock principle of appellate law. (*Baycol*, at p. 756.) It seeks to avoid the inefficiency and expense caused by piecemeal appeals. (*Ibid*.) Courts will not recognize exceptions to the rule unless they are " 'clearly mandated.' " (*Baycol*, at p. 757.)

One such exception is an order granting or denying an anti-SLAPP motion to strike. (§ 425.16, subd. (i); see also, § 904.1, subd. (a)(13) [authorizing appeal from an order granting or denying a motion to strike under section 425.16].) The Legislature determined that the right to an immediate appeal is necessary to protect First Amendment interests when a

3

meritorious motion is denied (*Doe v. Luster* (2006) 145 Cal.App.4th 139, 145 (*Doe*)), and it also protects against overbroad application of the anti-SLAPP statute (see *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 65).

But this exception does not apply if a party moves to strike a so-called SLAPPback.  When the target of a SLAPP succeeds with a motion to strike, the target will sometimes file a malicious prosecution action for damages against the SLAPP-filer, as the Wongs purportedly did here.  (See *Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 279 (*Soukup*).)  This is called a SLAPPback.  (See § 425.18, subd. (b)(1).)  The SLAPP-filer, in turn, sometimes tries to turn the tables by filing their own motion to strike under the anti-SLAPP statute, as Dong did here.  However, in that situation, the Legislature has foreclosed an interlocutory appeal from the trial court's ruling.  (See § 425.18, subd. (c).)  Appellate review may only be obtained through a peremptory writ petition filed within 20 days of service of the denial order.  (§ 425.18, subd. (g); see *Soukup*, *supra*, 39 Cal.4th at p. 282; *Arent Fox*, *supra,* 237 Cal.App.4th at p. 1071.)

Section 425.18 explains that SLAPPbacks are treated differently because "a SLAPPback is consistent with the Legislature's intent to protect the valid exercise of the constitutional rights of free speech and petition by its deterrent effect on SLAPP . . . litigation and by its restoration of public confidence in participatory democracy."  (§ 425.18, subd. (a); see also *Soukup*, *supra*, 39 Cal.4th at pp. 281-282.)  Accordingly, section 425.18 "stack[s] the procedural deck in favor of the SLAPPback plaintiff confronted with a special motion to strike." (*Soukup*, at p. 282.)  The Legislature adopted an expedited writ process, rather than an interlocutory appeal, to limit the delay and expense the plaintiff might otherwise incur while the case is on appeal.  (*Ibid*.)

4

Whether we have jurisdiction over Dong's appeal thus turns on whether the Wongs' malicious prosecution does, in fact, meet the criteria of a SLAPPback. Section 425.18, subdivision (b)(1), defines a SLAPPback as "any cause of action for malicious prosecution or abuse of process arising from the filing or maintenance of a prior cause of action that has been dismissed pursuant to a special motion to strike under Section 425.16." (See *Hutton v. Hafif* (2007) 150 Cal.App.4th 527, 538-539.)

The Wongs' case appears to meet this definition—it is a malicious prosecution action that arose from Dong's cross-complaint in the prior action, which was dismissed after the Wongs filed a motion to strike under section 425.16. Dong argues, however, that his cross-complaint was not dismissed *pursuant to the motion to strike* because he *voluntarily* dismissed it while the motion was pending.

We are not persuaded. We broadly construe the SLAPPback statute, looking to its text and the Legislature's intent. (*Soukup, supra*, 39 Cal.4th at p. 279.) The text of the statute specifies merely that the dismissal occur "pursuant to a special motion to strike" (§ 425.18, subd. (b)(1)), not a court's order on such a motion. Indeed, the Legislature made precisely this distinction in section 425.16, subdivision (i), which authorizes interlocutory appeals from "[a]n *order granting or denying* a special motion to strike." (§ 425.16, subd. (i), italics added; see also § 425.18, subd. (g) [providing for writ review of "an order denying . . . or granting" a special motion to strike a SLAPPback].) Moreover, there is no mystery about how the trial court would have ruled on the merits of the Wongs' anti-SLAPP motion because it *did* rule on its merits (for purposes of awarding attorney fees), concluding that it would have granted the motion. By voluntarily dismissing the cross-complaint, Dong simply saved the trial court the trouble. All the statutory elements of a SLAPPback are present here.

5

Our construction best effectuates the Legislature's purposes in enacting the SLAPPback statute: to favor SLAPPback plaintiffs, who are engaging in constitutionally protected activity, and limit abuse of the judicial process by SLAPP filers. (See § 425.18, subd. (a); *Soukup*, *supra*, 39 Cal.4th at pp. 281-282.) Recognizing that the Wongs' action is a SLAPPback—notwithstanding Dong's voluntary dismissal of the cross-complaint—comports with those purposes by minimizing the delay and costs to the SLAPPback plaintiff. (See *Soukup*, at p. 282; cf. *Ross*, *supra*, 96 Cal.App.5th at pp. 732-733 [a SLAPP filer cannot avoid an attorney fee award by voluntarily dismissing the SLAPP complaint while a motion to strike is pending because it would "undermine the deterrent purpose of the anti-SLAPP statute."].) It is also consistent with the one final judgment rule, which requires exceptions to be " 'clearly mandated.' " (See *Doe*, *supra*, 145 Cal.App.4th at p. 146.)

Finally, we reject Dong's argument that, even if the action would otherwise qualify as a SLAPPback, this case is not a SLAPPback because two of the defendants (Zou and Vincit Law) were not parties to the earlier litigation (although they were Dong's counsel in that case). The Legislature defined a SLAPPback action without reference to the parties in the earlier action. (*Arent Fox*, *supra,* 237 Cal.App.4th at p. 1072, fn.11; see § 425.18, subd. (b)(1).) Instead, section 425.18, subdivision (b)(1), broadly defines a SLAPPback to include "*any* cause of action for malicious prosecution or abuse of process *arising from* the filing or maintenance of a prior cause of action that has been dismissed pursuant to a special motion to strike under Section 425.16." (Italics added.)

In sum, Dong has no right to an interlocutory appeal from the denial of his anti-SLAPP motion. He was required to file a writ petition within 20 days of being served with notice of the trial court's order, which he did not do. (See § 425.18, subd. (g);

6

*Arent Fox*, *supra,* 237 Cal.App.4th at p. 1071.) We lack jurisdiction over this part of the appeal.

**B.**

Separate from his challenge to the denial of his anti-SLAPP motion, Dong contends that the trial court erred in denying his motion pursuant to Civil Code section 1714.10.[2] We disagree.

Civil Code section 1714.10, subdivision (a), establishes a pre-filing requirement for a "cause of action against an attorney for a civil conspiracy with his or her client arising from any attempt to contest or compromise a claim or dispute, and which is based upon the attorney's representation of the client." (See *Cortese*, *supra*, 26 Cal.App.5th at p. 453.) Before filing such a claim, the party must establish a reasonable probability of prevailing and obtain a court order allowing the claim. (Civ. Code, § 1714.10, subd. (a); *Cortese*, at p. 453.) The special procedure reflects the substantive rule of law that a cause of action for conspiracy is not viable where the alleged conspirator did not personally have a duty to the plaintiff but instead was serving only as the agent or employee of someone who did have such a duty. (*Cortese*, at pp. 453-454.) The failure to obtain the requisite preapproval from the court is a defense to a conspiracy cause of action against an attorney. (Civ. Code, § 1714.10, subd. (b).)

Dong argues that the Wongs' malicious prosecution action must be dismissed because it alleged the existence of a conspiracy between Dong and his attorneys and the Wongs never obtained prefiling approval. But Civil Code section 1714.10 does not apply when a malicious prosecution action alleges that the attorneys themselves acted maliciously in bringing a meritless lawsuit, and

---

[2] The trial court's order denying relief under Civil Code section 1714.10 is an appealable order. (Civ. Code, § 1714.10, subd. (d); *Cortese v. Sherwood* (2018) 26 Cal.App.5th 445, 454 (*Cortese*) .)

7

it seeks to hold the attorneys independently liable for their own actions or omissions. (See *Alden v. Hindin* (2003) 110 Cal.App.4th 1502, 1509 (*Alden*); *Westamco Inv. Co. v. Lee* (1999) 69 Cal.App.4th 481, 485-487 (*Westamco*).)

Here, the Wongs' malicious prosecution complaint alleged that each of the defendants—including Zou and Vincit Law— "filed a cross-action without probable cause" and "continued to maintain the action without probable cause," acting "malicious[ly]." The complaint thus sought to hold Zou and Vincit Law liable for their own actions, independent of any liability on Dong's part, and Civil Code section 1714.10 is inapplicable. (See *Westamco*, *supra*, 69 Cal.App.4th at pp. 487-488.)

It is true that the Wongs' complaint also included an allegation that "each defendant conspired with each other to commit the wrongful acts and omissions" detailed in the complaint. But the complaint pleads only a single cause of action, malicious prosecution, which does not premise the attorneys' liability on Dong's. (See *Westamco*, *supra*, 69 Cal.App.4th at pp. 487-488.) An allegation that an attorney conspired with their client is "surplusage" in a malicious prosecution action. (*Alden*, *supra*, 110 Cal.App.4th at p. 1509; see also *Westamco*, *supra*, 69 Cal.App.4th at p. 487.)

## DISPOSITION

Dong's appeal from the denial of his anti-SLAPP motion is dismissed, and the judgment is otherwise affirmed.

BURNS, J.

WE CONCUR:

JACKSON, P.J.
SIMONS, J.

*Wong et al. v. Dong et al. (A171466)*

8

Superior Court of Alameda County, No. 23CV053261, The Hon. Rebekah Evanson, Judge.

Vincit Law P.C., Shanshan Zou, for Defendants and Appellants.

Huechi Wong for Plaintiffs and Respondents.